GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. J. L. GRAY ET AL.

No. 202.

1. **Validity of Statute—Jurisdiction.**

Suit in County Court, and judgment for $100 penalty, under article 284 of the Revised Statutes, against a railroad for failing to feed and water live stock carried within the State, but upon a shipping contract to carry the live stock from Santa Anna, Texas, to West Point, Mississippi. In the application for writ of error the invalidity of said statute as applied to interstate contracts was asserted: *Held*, grounds for jurisdiction of Supreme Court under section 5 of chapter 15, Acts of Twenty-second Legislature, p. 26......... 313

**2. Statute Construed.**

The language of article 284, Revised Statutes, appears to apply only to shipments wholly within the State. It will not be construed as intended to extend to interstate freight contracts, and so to conflict with the Acts of Congress upon same subject............................................................. 315

**3. Interstate Freight Contract.**

A shipping contract to carry live stock from an interior station within the State of Texas to a station within another State is an interstate contract and controlled thereby. A case of failure to feed and water the stock carried on such contract while in the State would not give a right of action for penalty under the State statute...................................... 316

ERROR to Court of Civil Appeals for Third District, in an appeal from the County Court of Bell County.

This is an appeal from a judgment for $100 as a penalty against the plaintiff in error for its alleged failure to sufficiently feed and water certain cattle shipped over the railroad. The shipment was from Santa Anna, Texas, to West Point, Miss. The negligence was alleged to have been between Santa Anna and Fort Worth, in Texas. The judgment was affirmed by the Court of Civil Appeals.

It was alleged as ground for writ of error: "The Court of Civil Appeals having held that the shipment in question was an interstate shipment, erred in holding that a recovery could be had under the statute of the State of the penalty prescribed by such statute, when this subject had been fully regulated by the Congress of the United States, by sections 4386 to 4390, Revised Statutes of the United States, the Congress of the United States, under the Constitution of the United States, having exclusive authority to regulate commerce among the States; and erred in not holding that the Congress of the United States, having fully regulated the subject, all State regulations pertaining to the subject were thereby superseded.

"Plaintiff in error represents, that this court has jurisdiction of this cause under articles 1011 and 1011a of an act approved April 13, 1892, providing for the organization of this court, and section 5 of an act approved April 13, 1892, organizing the Courts of Civil Appeals, for the reason that this case involves the validity of article 284 of the Revised Statutes of the State as applied to interstate shipments."

The suit was brought in the County Court.

*J. W. Terry* and *Chas. K. Lee,* for plaintiff in error.—1. The regulation of interstate commerce, under the Constitution of the United States, is vested in the government of the United States, and the Congress of the United States, in pursuance of its powers under the Constitution, having enacted laws covering the identical subject matter of this particular statute, the statute of this State under which this penalty is sought to be enforced is and can have no application to an

interstate shipment, or, if so intended, is so far void.  Stanley v. Railway, 13 S. W. Rep., 709; Baird v. Railway, 41 Fed. Rep., 592; In re Rebman, 41 Fed. Rep., 867; Hall v. De Cuir, 95 U. S., 485; Railway v. Husen, 95 U. S., 465; Sinnot et al. v. Davenport et al., 22 How., 229, 243; Commonwealth v. Railway, 26 Am. and Eng. Ry. Cases, 29, and numerous cases cited; for provisions of United States Statutes, see Rev. Stats. U. S., art. 4386, et seq.

2.  What is an interstate shipment is determined by whether or not the shipment has its initial point and its destination in different States and Territories, and it is not any the less an interstate shipment because the line of the carrier sued is wholly within one State or its part of the the contract is performed wholly within one State, or the contract itself as to the particular carrier binds it for transportation only within the limits of one State.  Railway v. Sherwood, Thompson & Co., 84 Texas, 125; Railway v. Illinois, 118 U. S., 557; Railway v. R. R. Comm., 16 Am. and Eng. Ry. Cases, 1.

*A. M. Monteith,* for defendant in error.

DENMAN, ASSOCIATE JUSTICE.—Plaintiffs Grey et al. sued the railroad in the County Court of Bell County to recover (1) damages for injuries to horses shipped from Santa Anna, Texas, to West Point, Miss., and (2) a penalty of $500, under provisions of article 284, Revised Statutes of Texas, for failure to sufficiently feed and water said stock while passing over defendant's road between Santa Anna and Temple, Texas, on said trip.

In the trial court plaintiffs failed to recover on their claim for damages, but did recover on their second ground of action a penalty of $100.   Plaintiffs did not appeal, and make no complaint of the judgment.

The County Court and Court of Civil Appeals held, that said article 284 would support the judgment for the penalty in this case.   Independent of said article, the judgment for the penalty has no basis.

Defendant railroad in this court questions the validity of said law as applied to the interstate shipment in question.

Under the general power conferred by the Constitution of the United States to regulate commerce among the several States, Congress has passed stringent laws requiring the feeding, watering, and resting of stock in cases of interstate shipments.   Rev. Stats. U. S., secs. 4386–4390.   Uniformity of regulations as to feeding, watering, and resting stock in transit from one State through or into another is of such vital importance to both shipper and carrier that such commerce might be seriously embarrassed, if not practically prohibited, by unfriendly, unwise, or divergent legislation of the different States through or into which such shipments might pass.   The people of Texas being exten-

sively engaged in the shipment of stock to distant markets, and being the ones most liable to be injured by such legislation, we can not assume that the Legislature would invite or encourage such legislation in other States by first passing a law attempting to regulate such shipments. Its policy would be to discourage such regulations by the different States. In pursuance of this policy our Legislature, though it began to regulate railroad transportation at an early day, refrained from attempting to regulate the feeding and watering of stock being shipped thereby until after Congress had passed the statutes above referred to, regulating in detail the matter of feeding, watering, and resting of stock in all interstate shipments.

These regulations by Congress left shipments entirely within this State unprovided for, and thereupon there was incorporated into the Revised Statutes of Texas, in 1879, said article 284, as the first regulation attempted by our Legislature on the subject. The language of this article appears to apply only to shipments wholly within the State. It requires the carrier "to feed and water the same during the time of conveyance, and until the same is delivered to the consignee or disposed of as provided in this *title*." If it applies to interstate shipments, then the language, "during the time of conveyance and until delivered to the consignee," would seem to require the feeding and watering after the stock left Texas, and until delivered by carrier at destination. This would be beyond the power of the Legislature, for its law could not be effective beyond the State line. The language, "or disposed of as provided in this title," seems to limit the law to State shipments; for when we examine the provisions of "Title XIII" of the Revised Statutes, of which said article 284 is a part, we find that article 288 of said "title" provides, that "should any live stock remain unclaimed for the space of forty-eight hours after its arrival at the place of its destination, the carrier may sell the same;" and then proceeds to provide the manner of sale and the disposition of proceeds. The "place of its destination," where the sale is provided for, must be some point in Texas, for we could not suppose the Legislature would undertake to authorize and provide for the manner of sale of property at a point outside of the State.

Considering the policy of our Legislature, the fact that the regulation of interstate shipments is peculiarly within the province of congressional legislation and that Congress did make full and apparently complete regulations on the subject, the fact that there was no apparent demand for State regulation of interstate shipments, and that there was a demand for such regulation of shipments entirely within the State, and that after Congress acted the State Legislature enacted said law, which on its face bears strong evidence of a purpose to apply its provisions only to shipments entirely within the State, we feel that it would be doing violence to the intention of the Legislature to

extend, by construction, the provisions of said article 284 to the inter-state shipment in question, and thereby bring it into possible conflict with the acts of Congress.

We are of opinion that said article 284 has no application to the shipment in this case, and that plaintiffs have no cause of action to recover a penalty against defendant.

The judgment is affirmed in so far as it was against plaintiffs on their claim for damages, and is reversed in so far as plaintiffs recovered penalty against defendant, and the cause seeking to recover the penalty is dismissed.

*Reversed and dismissed.*

Delivered November 19, 1894.