THE GULF, COLORADO & SANTA FE RAILWAY
COMPANY v. W. O. GANN.

No. 1051.

1. **Common Carrier—Interstate Shipment—Penalty.**—Article 284 of the Revised Statutes, in so far as it provides a penalty for the failure of a common carrier to feed and water live stock during transportation, does not apply to shipments from a point in this State to a point in another State, notwithstanding the facts of the case may show that the statute was violated in this State.   Following Railway v. Gray, 87 Texas, 312.

2. **Same—Stipulation as to Notice of Damages.**—A stipulation in a contract for the shipment of live stock requiring the shipper to give notice of his claim for damages before the stock are removed from the delivering station, etc., is made void by the Act of 1891, which allows the shipper ninety days within which to give such notice.

3. **Shipment of Live Stock—Contract to Feed and Water—Evidence.**—The shipper may testify that he applied to the conductor of the train on which his stock were being shipped under his own charge, stating that he wanted the stock fed at a certain point, and what the conductor said in reply thereto.

4. **Same—Variance.**—A common carrier can not relieve itself of liability by virtue of a clause in the contract of shipment whereby the shipper undertakes to feed and water the stock en route in a case where it has not afforded him opportunity and facilities for so doing, thereby putting that matter out of his power; and such clause in the contract does not make it variant from the petition, which alleges that the common carrier undertook the duty of watering and feeding the stock.

5. **Market Value of Live Stock.**—The shipper was qualified to testify as to the market value of his stock at the point of destination in the condition they reached there in, and the difference in value in the condition then and that in which they should have been on arrival there; he having been there for three weeks after their arrival, and having sold some of the stock there, and posted himself as to the market value of such stock by inquiries of buyers and sellers, and by seeing stock sold there on the market.

APPEAL from the County Court of Coleman.   Tried below before Hon. H. A. ORR.

*J. W. Terry*, for appellant.—1.   The statute of the State of Texas on the subject of feeding and watering live stock should not, as its terms do not require such construction, be construed to be intended to apply to interstate shipments, a matter which is peculiarly within the regulation of Congress.   Railway v. Gray, 87 Texas, 312; Railway v. Sherwood, 84 Texas, 125; Railway v. Williams, 25 S. W. Rep., 311; The Daniel Ball, 10 Wall., 557; Railway v. Pennsylvania, 136 U. S.,

114; Railway v. Illinois, 118 U. S., 557; Cutting v. Railway, 46 Fed. Rep., 641, and cases cited, p. 644; Leisy v. Harden, 10 U. S., 681; Bennett v. Express Co., 22 Atl. Rep., 159.

2. If such a statute be held applicable to interstate commerce, then, as to such commerce, it is unconstitutional and void, because Congress has the exclusive power to regulate commerce among the States. Railway v. Illinois, 118 U. S., 557; Stanley v. Railway (Mo.), 42 Am. and Eng. Ry. Cases, 328; Leisy v. Harden, 10 U. S., 681; Lafeure v. Railway, 28 Atl. Rep., 848.

3. The contract of shipment stipulates for notice in writing of claims for damages, and identifies the party on whom the notice is to be served. It appears that the shipper had reasonable opportunity to give the required notice and failed to do so, and hence he can not recover. Railway v. Wright, 21 S. W. Rep., 80; Railway v. Childers, 21 S. W. Rep., 76.

4. It not being shown that it was within the scope of the authority or duty of the conductor of the train between Goldthwaite and Temple to make any statement to plaintiff in regard to feeding the stock, his statements were immaterial, and should have been excluded, and afforded no excuse for plaintiff's failure to have his stock fed and watered at Temple.

5. The plaintiff was not qualified to testify as to the market value of stock at Algiers, La., and his evidence should have been excluded. Railway v. Maddox, 75 Texas, 300.

*J. P. Ledbetter*, for appellee.—1. Article 284, Revised Statutes, is not a regulation of interstate commerce, but is a rightful exercise of the police powers of the State, and therefore not in contravention of the United States Constitution or the laws of Congress, and the court did not err in overruling defendant's special exceptions set out in first assignment. Railway v. Dwyer, 75 Texas, 572; Railway v. Dwyer, 84 Texas, 194; Railway v. Nelson, 23 S. W. Rep., 732; Railway v. Fuller, 17 Wall., 560; Smith v. Alabama, 124 U. S., 465.

2. The Act of the Twenty-second Legislature, 1891, page 20, does not undertake to regulate the rate of freight charges, or impose any tax upon interstate commerce, and is but a proper exercise of the powers of the State over the remedial rights of all persons and corporations in the courts of this State, and therefore not in contravention of the United States Constitution or the laws of Congress concerning interstate commerce. Railway v. Dwyer, 75 Texas, 572; Railway v. Dwyer, 84 Texas, 194; Railway v. Nelson, 23 S. W. Rep., 732; Railway v. Fuller, 17 Wall., 560; Smith v. Alabama, 124 U. S., 465.

3. Even though plaintiff contracted to feed and water his stock, still it was the duty of defendant to furnish reasonable facilities and opportunities for plaintiff to do this, which the evidence clearly shows defendant failed and refused to do. Railway v. Montgomery, 16 S. W.

Rep., 181; Railway v. Ivy, 23 S. W. Rep., 321; Railway v. Armstrong, 23 S. W. Rep., 236.

COLLARD, ASSOCIATE JUSTICE.—This is a suit by appellee for damages to stock shipped from Santa Anna, Texas, to Algiers, La., by contract with appellant, and for penalty of $500, under article 284 of the Revised Statutes, for failure of defendant to feed and water the stock.    Defendant filed a general demurrer, and specially excepted to the claim for penalty under the statute, because the statute does not apply to a shipment of the character set out in the petition—a shipment from a point in Texas to a point in Louisiana.    The court below overruled the general demurrer and special exception, and gave judgment upon a verdict of a jury for $297 damages to the stock, and $100 penalty.    The defendant appealed and assigns errors; first, that the court erred in overruling the special exception above referred to.

*Opinion.*—The statute upon which the suit for penalty is founded makes it the duty of a common carrier of live stock of any kind to feed and water the same during the time of conveyance and until the same is delivered to the consignee; and in case of failure to so feed and water the stock sufficiently, the carrier is made liable to the party injured for his damages, and shall also be liable to a penalty of not less than five nor more than five hundred dollars, to be recovered by the owner.

The Supreme Court of this State has recently decided that this statute was not intended by the Legislature to apply to a shipment from a point in this State to a point in another State.    Railway v. Gray, 87 Texas, 312.

We are compelled to follow the decision of the Supreme Court, and must hold that the penalty can not be recovered, notwithstanding the facts of the case show that the statute was violated within this State.

Defendant set up a stipulation in the contract of shipment as a condition precedent to plaintiff's right to recover.    The stipulation is to the effect that the shipper, as a condition precedent to his right to sue for damages for injury to his stock during transportation, shall give notice in writing of his claim for damages, specifying the nature of the claim, to the company's stationmaster at the last station on the company's road, before the stock are removed from the station, and before they are intermingled with other stock, and will not remove the stock from the station until three hours after giving the notice; and it stipulated that a failure to comply with the clause of the contract stated shall be a complete bar to any recovery of such damages.    It is alleged, that the plaintiff failed to give the required notice to the company's agent at Houston, Texas, the last station on defendant's road, where the stock were delivered to a connecting line of railroad—the Southern Pacific Railway Company.    Upon exceptions of plaintiff, the court struck out that part of the answer setting up the failure to

give notice as required by the contract. This ruling is the subject of assignment of error by appellant.

There was no error in the ruling. It is provided by an Act of the Legislature, that "no stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void," etc. Gen. Laws 1891, p. 20. This statute was in force at the time the contract of shipment in question was made. The parts of the contract set up by defendant as a bar to the action were void, and there was no error in sustaining exceptions to the answer in that respect. Railway v. Eddins, 7 Texas Civ. App., 116; 26 S. W. Rep., 162.

There was no error in permitting plaintiff to testify that he applied to the conductor of the train on which the stock were shipped, stating that he wanted his stock fed at Temple, Texas, and in testifying as to the reply of the conductor to the request, that the request was not made in time. The conductor was in charge of the train, and while it was the duty of plaintiff under the contract to attend to the feeding and watering of the stock, he could not do so unless the train was stopped for that purpose, and it was the duty of defendant to afford plaintiff an opportunity and facilities to feed and water, and if it failed to do this it would be liable for damages resulting from such failure. Railway v. Montgomery, 16 S. W. Rep., 181; Railway v. Ivy, 23 S. W. Rep., 321. The conductor of the train was the proper official of the company to be notified of the desire to feed and water the stock. He represented the company in the management and control of the train. Receivers v. Armstrong, 4 Texas Civ. App., 146.

By the terms of the contract of shipment, defendant was to deliver the stock to another road at Houston, Texas, and was relieved of all responsibility for them on such delivery, except to protect the through rate of freight. The testimony shows, that the stock were kept on the train after they left Santa Anna, Texas, until several hours after they arrived at Sealy, Texas, on defendant's road, about thirty-five hours, without food and water, and that plaintiff was in nowise remiss in his duties, but was urging defendant's employes to give him an opportunity to properly attend to his stock. The testimony also tends to show, that the stock were injured by this delay and by other bad treatment while in the hands of defendant. The general charge of the court, together with special charges asked and given, presented the law applicable to the facts of the case, limiting the right of recovery of any judgment in favor of plaintiff to injuries to the stock while in defendant's possession. The stock were delivered to another road at Houston, Texas, whence they were carried to Algiers, La., their destination, but there is no evidence of any bad treatment of the stock on the way from Houston to Algiers. We think it was proper to submit the question of damages done to the stock.

There was no error in allowing plaintiff to state the market value of his stock at Algiers in the condition they were in, and the difference in such value in the condition they should have been in on arrival there. He was in Algiers about three weeks after arrival; had been there a day or two before he sold three of his horses; he made inquiries and posted himself as to the market value of horses and cattle while there of parties who were buying and selling, and saw horses and cattle sold there on the market. Railway v. Donovan, 86 Texas, 378. We also think he was qualified to state the value of the horse that died in Algiers at the time he arrived there.

There was no material variance in the contract declared on and the one offered in evidence. The petition alleged, that by the contract of shipment defendant undertook to feed and water the stock while en route. The contract read in evidence contained a clause in which plaintiff undertook at his own risk and expense to feed and water the stock while in defendant's stockyards or elsewhere. This clause was not offered by plaintiff, but was offered and read in evidence by defendant. The law imposes the duty of feeding and watering stock upon defendant while in transportation by it, and it could not relieve itself of the duty to furnish facilities and opportunity by which the shipper could feed and water them, by pleading the undertaking of the shipper to feed and water. The contract only required plaintiff to feed and water his stock on the implied condition that defendant should give him the means and opportunity to do so, he to pay the expense of the feed. If the company failed in this it would be responsible for the failure to feed and water, because it put it out of the power of plaintiff to do so. In this sense, the contract read in evidence did not require plaintiff to do that which the acts of the company made it impossible for him to do. The company in such case would be liable for the failure to feed and water the stock, and in such case plaintiff had not undertaken to do so by the contract. Hence we think the clause in the contract requiring him to feed and water was not at variance with the averment that defendant had undertaken that duty. The variance was immaterial.

The judgment of the court below is reversed and dismissed as to the penalty, and affirmed so that plaintiff below shall recover the damages to the stock, $297; and it is so ordered.

*Reversed and reformed.*

Delivered November 21, 1894.