# NOVEMBER, 1904.

INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. V.
AUGUST G. STARTZ.

Decided November 2, 1904.

**1.—Cattle Shipment—Damage—Charge.**

An instruction to award as damages for delay in the transportation of cattle the difference in the market value at the time they reached their destination, and at the time they would have reached it if properly transported, as well as the difference in weight and decline in market price by reason of delay, was erroneous as authorizing a recovery of double damages.

**2.—Same—Interstate Shipment—Rest, Feed and Water.**

In an action arising out of a shipment of cattle between states it was error to charge that it was the carrier's duty to afford the shipper opportunity to water, feed and rest the cattle on demand at reasonable, usual and customary times; such duty was not imposed by law and its existence was a question of fact except so far as governed by the United States statutes on the subject. Rev. Stat. U. S., sec. 3486.

Appeal from the District Court of Comal. Tried below before Hon. L. W. Moore.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.

*J. D. Guinn,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a suit for damages on account of injuries sustained by certain beef cattle shipped by appellee from New Braunfels, Texas, to East St. Louis, Ill. The plaintiff recovered and the defendants have appealed.

On the measure of damages, the trial judge instructed the jury as follows:

"7. Should you find in favor of the plaintiff against any or all of the defendants, you will allow plaintiff as damages against the defendant or defendants whom you will find liable therefor the market value at East St. Louis, Ill., of the difference, if any, between the weight of said cattle as there delivered by the last carrier, and the weight of said cattle at said place in such condition as such cattle should have been delivered at said place if transported in a proper manner, as hereinbefore indicated; and the difference, if any, between the market value of said cattle had they been delivered at said place in said condition, and their market value at said place in the condition in which they were delivered, and the amount of the general decline in market value of plaintiff's cattle from Monday's to Tuesday's market, if you believe from the evidence that there was such decline, and that plaintiff's cattle, if properly transported, as hereinbefore indicated, could and would have been sold on Monday's market. The amount of such damages, if any, to be apportioned among the defendants found liable therefor, if you find them or any of them liable, according to the amount of damages, if any, which you may find from the evidence was caused by the negligence of each defendant found liable. To such sums may be added, at your discretion, interest thereon at the rate of 6 percent per annum from May 22, 1900."

This instruction is complained of as being confusing and misleading and authorizing a double recovery. The complaint is well founded. The difference in the market value of the cattle between the time they reached their destination and the time they would have reached it, if the delays complained of had not occurred, was the correct measure of damages. The difference in weight, if any, caused by such delay, and the decline in market price were proper elements to be considered by the jury in determining the difference in the market value of the cattle. But it was not proper for the court to tell the jury to award damages for those items, in addition to the difference between the market value of the cattle when and in the condition they were delivered and when and in the condition they should have been delivered, because the latter instruction was broad enough to include the other two items. Such instructions have been condemned as authorizing a double recovery. Texas C. Ry. Co. v. Brock, 88 Texas, 310; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064; St. Louis S. W. Ry. Co. v. Highnote, 74 S. W. Rep., 920; Texas Brewing Co. v. Dickey, 20 Texas Civ. App., 606.

We do not hold that it was improper for the court to instruct the jury that they might consider the items of damages referred to or any other items of damage disclosed by the testimony and award damages therefor; but when a general measure of damages is stated, it is improper to so frame a charge as to authorize an additional recovery for particular

items of damage that are included in and covered by the general measure of damages.

We are also inclined to the view that there is merit in appellant's objection to that portion of the court's charge which told the jury that appellants rested under the duty of affording appellee, or his agents, in charge of the cattle, an opportunity to water, feed and rest the cattle after demand therefor at reasonable, usual and customary times. This was an interstate shipment, regulated by Federal statute, which required the cattle to be rested, fed and watered every twenty-eight consecutive hours. The charge complained of does not follow the statute. Rev. Stat., U. S., sec. 4386.

Failure to comply with the statute would constitute negligence, and, if injury result, authorize a recovery. But when alleged negligence is predicated upon a failure to do something not required by statute or other written law, whether such failure constitutes negligence is a question of fact to be decided by the jury, without any intimation from the judge as to his opinion on the subject.

Article 326 of the Revised Statutes of Texas is not entirely similar to the Federal statute regulating interstate shipments, and is limited to domestic shipments. Gulf, C. & S. F. Ry. Co. v. Gray, 28 S. W. Rep., 280. This being an interstate shipment, the state statute has no application.

On the other points we rule against the appellants.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*