St. Louis & San Francisco Railroad Company v. W. W. Lane.

Decided March 14, 1908.

**1.—Carrier—Damage to Shipment—Comment of Judge.**

In a suit against a railroad company for damage to a shipment of cattle, when the defendant offered in evidence a letter written by the plaintiff to the defendant in the nature of a claim for damages, in which the amount then claimed was less than the amount sued for, the judge stated in the presence and hearing of the jury, "I will now tell the jury that such statement and claim has nothing to do with the case as evidence with regard to damages to be determined by the jury." Held, reversible error.

**2.—Same—Measure of Damage—Charge—Double Recovery.**

In a suit for damage to a shipment of cattle a charge which, in substance, instructs the jury that the measure of damage will be the difference between the market value of the cattle in their condition at the time they should have arrived and their market value at the time they did arrive, and the depreciation in market value between the time they should have arrived and the time they did arrive was erroneous, in that it allowed a double recovery.

Appeal from the County Court of Hardeman County. Tried below before Hon. H. W. Martin, Special Judge.

*C. H. Yoakum* and *Fires, Decker, Diggs, & Clark,* for appellant.

*M. M. Hankins,* for appellee.

STEPHENS, Associate Justice.—On account of errors pointed out in the first and fifth assignments the judgment, which was one awarding appellee damages in the sum of three hundred and forty dollars to sixty-eight cattle carried from Quanah, Texas, to East St. Louis, Illinois, must be reversed.

The first assignment reads: "The court erred in stating in the presence and hearing of the jury when witness Lane was on the stand in his own behalf and was shown a letter dictated by himself to defendants in the nature of a claim for damages to cattle in controversy, in which he claimed damages in the sum of $250 and extra yardage, $15, while being questioned by defendant's counsel as to his damages, that 'I will now tell the jury that such statement and claim has nothing to do with the case as evidence with regard to damages to be determined by the jury.'" The court's explanation was as follows: "In explanation of this bill I did speak to counsel saying that the proposition of settlement not being accepted would have nothing to do with the measure of damages, but I almost immediately informed the jury that it was admissible for all purposes, but that it would not be the measure of damages, telling them it was admissible, however, as showing the intent and whatever purpose they might consider it for in determining the issues, but would not control in determining the measure of damages; with the explanation the bill is allowed and ordered filed." But evidently this does not obviate the objection. It was the duty of the judge to rule on the admissibility of the testimony without comment or suggestion as to its weight or effect. It was certainly inadmissible for him to tell the jury that the

testimony, which was in the nature of an admission and not a mere proposition of compromise, "would not control in determining the measure of damages," for if the jury believed that the claim made by appellee immediately after the damage was done was a true statement of the amount of his damages, it should have controlled them in measuring the same.

The fifth assignment reads: "The court erred in his charge to the jury in submitting the following measure of damages: 'If you find for the plaintiff under these instructions the measure of damages will be for the injury to the cattle, if any, by the negligence of the defendants through such negligence as you may find the defendants responsible for, will be the difference between their market value in the condition at the time they should have arrived but for such negligence of defendants and their market value in the injured condition at the time they did arrive, if they were injured, and the depreciation in market value, if any, of the cattle between the time they should have arrived and the time they did arrive at the National Stock Yards at St. Louis, Ills., if you find there was any unreasonable delay.' "

The charge complained and quoted in this assignment is subject to the objection that it authorized a double recovery. The first clause of this charge, fixing as the measure of the damages the difference between the market value of the cattle "in the condition at the time they should have arrived but for such negligence of defendants and their market value in the injured condition at the time they did arrive," covered the whole damages, and the only effect of the succeeding clause, therefore, was to authorize the jury to add to full compensation additional damages.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*