TEXAS & P. RY. CO. v. TOMLINSON.

(Court of Civil Appeals of Texas. Ft. Worth. April 12, 1913.)

1. EVIDENCE (§ 472*) — OPINION EVIDENCE — PROPER TIME FOR TRANSIT.

It is not proper for a witness, in an action for delay in a shipment of live stock, to give his opinion as to what is a reasonable time for the shipment; since that is the question which the jury are to determine in deciding whether the railroad company was negligent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2186–2195, 2248; Dec. Dig. § 472.*]

2. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK—INSTRUCTION—MEASURE OF DAMAGE.

In an action for damage to live stock in transit, an instruction that the measure of damage was the difference between the market value of the cattle in their condition when delivered and in the condition in which they should have been delivered; that the measure of damage for delay is the depreciation in value while detained at the shipping point, and the difference in the market value at the time of arrival and at the time they should have arrived, was erroneous, since the first part comprehends the entire measure of damage, and the second part authorizes the jury to add additional compensation thereto.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

3. CARRIERS (§ 222*) — CARRIAGE OF LIVE STOCK—ACTION FOR DAMAGE—PARTIES.

In an action for damage to cattle in transit, the carrier cannot defend on the ground that plaintiff was a joint owner of the cattle with another, where the carrier made the contract of carriage with him alone.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 952; Dec. Dig. § 222.*]

4. TRIAL (§ 267*)—INSTRUCTIONS—CHARGE IN GENERAL TERMS—SUFFICIENCY.

Where a special charge presented by the defense is not applicable to the evidence, a charge

by the court presenting an affirmative defense in general terms is sufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 668–672, 674; Dec. Dig. § 267.*]

5. TRIAL (§ 252*) — INSTRUCTIONS — CONFORMITY TO EVIDENCE.

Where, in an action against two carriers for delay in a shipment of live stock, no evidence tending to show a delivery to, or delay by, the second carrier was introduced, an instruction asked by the first carrier shifting the burden of explaining the delay and the cause of injury to the second carrier is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

6. APPEAL AND ERROR (§ 1037*)—HARMLESS ERROR—REFUSAL TO QUASH CITATION.

Error in overruling a motion to quash a citation is harmless after defendant's appearance and answer in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4032; Dec. Dig. § 1037.*]

Appeal from Stephens County Court; N. N. Rosenquest, Judge.

Action by J. E. Tomlinson against the Texas & Pacific Railway Company and another. Judgment for plaintiff, against the Texas & Pacific Railway Company, which appeals. Reversed and remanded.

Earl Conner, of Eastland, for appellant. Alexander, Power & Ridgway, of Ft. Worth, for appellee.

CONNER, C. J. Appellee instituted this suit in the county court against the appellant (the Texas & Pacific Railway Company) and the Ft. Worth Belt Railway Company to recover damages to a car load of cattle shipped from Cisco, Tex., to Ft. Worth, in January, 1912. He alleged negligent delay, rough treatment en route, and decline in market value. Upon the trial the court gave a peremptory instruction in favor of the Ft. Worth Belt Railway Company, but as against the appellant the trial resulted in a verdict and judgment for appellee in the sum of $200.

[1] We are of the opinion that the judgment must be reversed because of two plain errors committed on the trial. The first relates to the evidence of appellee, who was permitted to testify over appellant's objection that: "I am familiar with what would be a reasonable time for shipments of cattle from Cisco, Tex., to Ft. Worth, to the stockyards at said city, having shipped cattle on the road for several years, and in my opinion I would say something like 7 or 8 hours would be a reasonable time for a through train, and that from 8 to 9 hours would be a reasonable time for a local shipment, not exceeding 10 hours for a local shipment. I do not believe that I ever shipped a local train that went through in the same time. I think I know what such time is, and I have stated it." Appellant objected to this testimony, among other things, on the ground that it embodied a mixed question of fact and law which was for the jury's determination, and we think the objection

well within the rule now well established inhibiting the opinion of witnesses on the subject. It was the duty of the railway company, among other things, to transport appellee's stock with reasonable dispatch, and the jury were so charged. A failure to do so would constitue negligence, and for a witness to state a mere opinion that a given run was a reasonable one is but another way of stating whether the run constituted negligence, which is an issue in cases of this character peculiarly for the jury. See H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808; G., C. & S. F. Ry. Co. v. Kimble, 49 Tex. Civ. App. 622, 109 S. W. 234; G., H. & S. A. Ry. Co. v. Noelke, 110 S. W. 82.

[2] Among other things, the court gave the following charge to the jury, to wit: "The measure of damage in this case is the difference in the market value of the cattle at destination in the condition in which they were delivered and the condition in which they should have been delivered, transported, and handled with ordinary care and diligence. The measure of damages for delay in shipping cattle is depreciation in value while detained at shipping point, and the difference in the market value at their destination at the time of arrival and at the time they should have arrived."

There was evidence tending to show delay at the shipping point as well also as at Ft. Worth. The first sentence of the charge quoted evidently comprehended the entire measure of appellee's damages, and the addition thereto of the second sentence authorizing the assessment of damages for depreciation in value for delay at the shipping point was erroneous as authorizing the jury to add to full compensation additional damages. See St. L. & S. F. Ry. Co. v. Lane, 49 Tex. Civ. App. 541, 110 S. W. 530.

[3] For the errors above noted the judgment must be reversed, but we perhaps should notice several other assignments. It developed upon the trial that appellee was a part owner only of the cattle in question, and it is insisted that for this reason the court should have given a peremptory instruction in appellant's favor. But we think it must now be considered settled that a joint owner of property may sue the carrier with whom he has contracted for any violation of its duty in transporting the property. In such cases the wrong is viewed as a breach of the contract of shipment, and the carrier, having entered into the contract with one only of the joint owners, cannot relieve itself from the consequence of a breach at the suit of the joint owner with whom it contracted on the mere ground that others have a joint interest in the property transported. See Mo. Pac. Ry. Co. v. Smith, 84 Tex. 348, 19 S. W. 509; So. K. Ry. Co. of Texas v. Morris, 100 Tex. 611, 102 S. W.

396, 123 Am. St. Rep. 834. All assignments, therefore, involving this question, must be overruled.

[4] While it is undoubtedly true that an appellant has the right to have an affirmative presentation of any special defense pleaded, yet upon an examination of appellant's special charge No. 4, to the rejection of which complaint is made in the seventh assignment, we find that it is not strictly applicable to the evidence, in view of which the court's charge presenting the defense in general terms must be held to be sufficient. The said assignment will, accordingly, be overruled.

[5] We find no error in the refusal of special instruction No. 8, as urged in the eighth assignment, for the reason that there is no evidence tending to show a delivery to or a delay of the cattle in controversy at any time by the Ft. Worth Belt Railway Company. It would therefore have been improper on the part of the court to have shifted from appellant to that company the burden of explaining the delays and the cause of the injuries to the cattle shown. For the same reason we find no error in the court's peremptory instruction in favor of the Ft. Worth Belt Railway Company.

[6] The complaint in the eleventh assignment of the court's refusal to sustain appellant's motion to quash the citation herein is evidently now immaterial because of the fact of appellant's appearance and answer in the court below. M., K. & T. Ry. Co. v. Scoggin, 57 Tex. Civ. App. 349, 123 S. W. 229.

For the errors noticed it is ordered that the judgment be reversed, and the cause remanded as to appellant but left undisturbed as to the Ft. Worth Belt Railway Company.