HOVEY et al. v. WEAVER.  (No. 437.)

(Court of Civil Appeals of Texas.  El Paso.
April 15, 1915.)

1. RECEIVERS ⊕—183—DAMAGES — LIABILITY
OF RAILROAD COMPANY — PLEADING AND
PROOF.

To recover against a railroad company, after discharge of its receivers and recovering back its property, for damages caused by acts of the receivers in cutting down a street in front of property, it must be shown that the revenues of the property while in the hands of the receiver had been expended in betterments.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366; Dec. Dig. ⊕—183.]

2. RECEIVERS ⊕—183—TORTS—PETITION—SUF-
FICIENCY AGAINST DEMURRER.

Rev. Civ. St. art. 2143, which permits a receiver to be sued after discharge, does not apply to receivers appointed by federal courts, and hence a petition, in an action against receivers of a railroad company after their discharge, for torts committed by them is subject to a general demurrer, where it fails to allege what court appointed the receivers or the conditions of their discharge, or whether any revenues were collected and turned over to the owners or expended in betterments, though these matters are not denied by the answer; things not alleged in a petition not being admitted by a failure to deny them in the answer.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366; Dec. Dig. ⊕—183.]

3. TRIAL ⊕—315—QUOTIENT VERDICT—VALID-
ITY.

A verdict, allowing damages in an amount ascertained by adding the amounts placed by the jurors on slips of paper and dividing the sum by twelve, is invalid.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740–742; Dec. Dig. ⊕—315.]

Error from District Court, Brewster County;  W. C. Douglas, Judge.

Action by J. W. Weaver against S. B. Hovey and another, as receivers of the Kansas City, Mexico & Orient Railway Company of Texas, and said railroad company.  Judgment for plaintiff, and defendants bring error.  Reversed and remanded.

H. S. Garrett, of San Angelo, W. Van Sickle, of Alpine, and W. C. Jackson, of Ft. Stockton, for plaintiffs in error.  J. D. Martin, of Alpine, for defendant in error.

HARPER, C. J.  This suit was instituted by appellee, J. W. Weaver, against S. B. Hovey and M. L. Mertz, as receivers of the Kansas City, Mexico & Orient Railway Company of Texas, for damages alleged to have been caused by the acts of said receivers in cutting and grading down a street in front of certain property owned by Weaver in the town of Alpine, Tex.  In his first amended original petition he alleges that J. W. Weaver, plaintiff, a resident citizen of Brewster county, Tex., complaining of the Kansas City, Mexico & Orient Railway Company of Texas and of S. B. Hovey and M. L. Mertz, receivers of the aforesaid railway company, defendants, by leave of court comes now

and amends his original petition filed herein on the 28th day of January, 1914, and respectfully represents:  First, that said railway company is a corporation duly incorporated under the laws of Texas, and that the said S. B. Hovey and M. L. Mertz, the original defendants herein, were the legally appointed receivers of said railway company, and were operating said railway company as receivers at the time of the happening of the acts and injuries hereinafter complained of, but that since the institution of this suit, the said receivers have been discharged as such receivers of said railroad, and its entire equipment, comprising trains, locomotives, and depots, has been by said receivers turned over and delivered to the other defendant herein, to wit, the Kansas City, Mexico & Orient Railway Company of Texas.  The defendants receivers answer by general and special exceptions and general denial, and specially deny that plaintiff's property was damaged by any act or acts of theirs, etc.  The defendant railway company pleads general demurrer, and specifically denies under oath that the allegations in the several paragraphs of plaintiff's petition by number are true.  Trial by jury and verdict and judgment for $2,500 against S. B. Hovey and M. L. Mertz, as receivers of the said railway company, and against the said railway company, from which judgment the cause is here for review upon writ of error.

[1] Appellants, by their assignments, urge that Hovey and Mertz having been sued in their representative capacity, as receivers of the railway, and there being no evidence that they were appointed and qualified as receivers, there was no basis for judgment against them, and the court should have instructed verdict for defendants; that plaintiff's petition shows no cause of action, because it was alleged that the receivers had been discharged and the property returned to the corporate officers, and did not allege by what court appointed and discharged. The assignments must be sustained, for in order to hold the railway company liable in the present case, it would be necessary to allege and prove that the defendants receivers had been duly appointed, had been discharged, and the property of the railway company delivered to it, and, either that such property was equal in value to the amount of plaintiff's claim, or that the payment of plaintiff's claim had been made a condition of such redelivery of the property by the decree of the court terminating the receivership;  the rule in this state being that the owner receiving back his property can only be made responsible for the liabilities incurred by the receiver when it is shown that the revenues of the property while in the hands of the receiver had been expended in betterments.  Kirby Lumber Co.

v. Cunningham, 154 S. W. 288, and authorities there cited.

[2] It is contended by appellee that the allegations of plaintiff, since not denied, were sufficient to sustain the judgment without proof. There are no allegations in the plaintiff's petition concerning what court appointed the receivers, nor as to the conditions of the discharge, nor as to whether there were any revenues collected and turned over to the owners or expended in betterments, during the receivership. Without such allegations the petition charged no liability upon the railway company for the tort of the receivers. Ft. Worth & Rio Grande Railway Company v. Ballou, 174 S. W. 338. It is a general rule of law that a receiver, after his discharge, is not liable as such for acts committed during his incumbency. When he is discharged his official capacity ceases, but we have a statute in Texas (article 2143) which permits a receiver to be sued after discharge. However, it has no application to those appointed by federal courts. Therefore, in order for the petition to be good against the receivers upon general demurrer, it must contain the allegation that the appointment was made by a state court. Things not alleged are not admitted by failure to answer. The petition for that reason is insufficient, and subject to general demurrer, both as to the railway company and the receivers.

[3] Another assignment charges, and the evidence seems to establish, that the amount of damages allowed by the jury was arrived at by each juror placing the amount he thought should be allowed on a slip of paper, and then adding the amounts and dividing them by 12. This manner of arriving at a verdict has been repeatedly condemned by the courts of Texas.

For the reason that the pleading and proof are not sufficient to support the judgment, the cause is reversed and remanded for a new trial.

---

⊙⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

