KANSAS CITY, M. & O. RY. CO. v. RUSSELL. (No. 933.)

(Court of Civil Appeals of Texas. Amarillo. March 25, 1916.)

1. RECEIVERS ⬦183—LIABILITY FOR RECEIVERS' DAMAGE TO STOCK.

A shipper of live stock, suing for damages thereto while the properties of the railroad were in the hands of receivers, must allege and prove that the receivers had been duly appointed and discharged, and that its property delivered back was equal in value to the amount of the shipper's claim, or that such claim was made a

condition of such delivery of the property by the decree of the court terminating the receivership, and also by what court the receivers were appointed and discharged.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366; Dec. Dig. ☞183.]

2. RAILROADS ☞265 — RECEIVERSHIP — INJURY TO SHIPMENT OF STOCK—PLEADING.

Where damage to a shipment of live stock occurred while the railroad was in the hands of receivers, appointed by a federal court, such road will be treated as in the hands of the federal courts when the injury occurred, and the shipper cannot recover therefor.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ☞265.]

3. CARRIERS ☞230(12)—CARRIAGE OF LIVE STOCK—INSTRUCTION—DOUBLE RECOVERY.

In an action against a railroad for damages to a shipment of live stock, an instruction, authorizing a double recovery, was erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 961; Dec. Dig. ☞230(12).]

4. APPEAL AND ERROR ☞216(1)—RESERVATION OF GROUNDS OF REVIEW—ERROR IN INSTRUCTION.

Under the statutes, where a charge is erroneous, the party aggrieved need only except, pointing out the defects and reserving objection by proper bill of exceptions, though a party aggrieved by an instruction, correct as far as it goes, must request a correct charge, covering the omitted issues or the facts not covered by the main charge.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞216(1); Trial, Cent. Dig. §§ 627–641.]

Appeal from Foard County Court; G. W. Walthall, Judge.

Suit by W. S. J. Russell against S. B. Hovey and another as receivers of the Kansas City, Mexico & Orient Railway Company of Texas and another. By an amended petition said railroad was made defendant in place of the receivers. From a judgment for plaintiff, defendant railroad appeals. Reversed and remanded as to appellant.

D. J. Brookreson, of Benjamin, for appellant. Robert Cole, of Crowell, for appellee.

HUFF, C. J. Russell originally brought suit against S. B. Hovey and M. L. Mertz, as receivers of appellant railway company and the Ft. Worth & Denver City Railway, for damages to a shipment of cattle from Crowell, Tex., to Ft. Worth, Tex., occasioned by the usual alleged rough handling. Afterwards, the appellee amended his petition, making the appellant a party defendant in place of the receivers, dismissing the receivers from the suit. In the ninth paragraph of the amended petition it is alleged that at the time of the shipment and when the suit was filed, and service had, appellant was then in the hands of the receivers, S. B. Hovey and M. L. Mertz, but since which time the receivers were discharged and appellant had taken charge of the railroad and became liable to pay plaintiff his damages. The appellant railway, in its answer, admits that part of the ninth paragraph, alleging that at the time of the shipment and when

the suit was instituted, its properties of all kinds were in the hands of S. B. Hovey and M. L. Mertz, receivers, duly appointed by an order of the United States District Court for the Northern District of Texas, at Dallas, which was made and entered on the 9th day of March, 1912, and that they were duly discharged as such receivers by order of the United States District Court, July 9, 1914, and since have surrendered appellant's line of railroad to it—

"but especially denies that it became liable for any damages occasioned to plaintiff during the time such receivers were operating its properties."

There is no denial filed by the appellee that the United States District Court appointed the receivers named by appellee and thereafter discharged them. There was a verdict and a judgment against appellant for $180 and against the Ft. Worth & Denver City Railway Company for $20. The Ft. Worth & Denver City Railway Company is not appealing. The testimony all shows that the shipment was made while the receivers were in charge of the road. The pleadings in this case, by both parties, show that the cattle were injured while the road was in the hands of the receivers.

[1] The case of Hovey v. Weaver, 175 S. W. 1089, holds, as we read the case, that, in order to show liability on the part of the railway company, it was necessary to allege and prove that the receiver had been duly appointed, discharged, and the property delivered to the road, and either that such property was equal in value to the amount of plaintiff's claim, or that plaintiff's claim had been made a condition of such delivery of the property by the decree of the court terminating the receivership. It is also held in that case that the petition did not show a cause of action, for the reason that it was not alleged in the petition by what court the receivers were appointed and discharged. We believe that that case announces the correct rule. It was incumbent on the plaintiff to allege and prove a cause of action against the railway company.

[2] The appellant alleged the receivers were appointed by the federal court. This was not denied or disproven by the appellee, and, it having been admitted the injury occurred while the road was in the hands of the receivers, we believe the road should be treated as in the hands of the federal courts when the injury occurred. Under the decisions of the courts, as we understand them, appellee did not show a cause of action, either by allegation or proof. Railway Co. v. Ballou, 174 S. W. 337; Hovey v. Weaver, supra, and authorities cited.

The first and second assignments we regard as being well taken, and will be sustained in so far as they require a reversal of the case.

[3] The third assignment we also believe

well taken. The charge of the trial court authorized a double recovery, and falls under the rule announced in the case of Railway Co. v. Lane, 49 Tex. Civ. App. 541, 110 S. W. 530. Under that authority, we sustain the third assignment.

[4] The appellees suggest that if the charge was not correct, appellants should have requested a correct charge. This, under the statutes, was not required of appellant. The charge being erroneous, all that was necessary was to except to the charge, pointing out the defects. This it did, reserving its objection thereto by a proper bill of exceptions. The cases cited by appellee refer to that class of instructions which are correct as far as they go, but which the aggrieved party contends do not cover all the issues, or which charges are not as full as they should be. In that class of cases the courts hold the aggrieved party is not entitled to reversal unless he shall request a correct charge covering the omitted issues, or the facts not covered by the main charge. The case of Wells-Fargo v. Benjamin (Sup.) 179 S. W. 513, cited by appellee, is to the effect above stated.

The judgment as to the Ft. Worth & Denver City Ry. Co., which is not appealing, will be affirmed; but as to the appellant, the case will be reversed and remanded.