## HOUSTON & T. C. R. CO. v. TREMONT. (No. 407.)

(Court of Civil Appeals of Texas. Waco. Oct. 28, 1926. On Rehearing, Dec. 2, 1926. Rehearing Denied Jan. 13, 1927.)

Trial ⟨⟩232(2)—In action for carrier's delay in transporting hogs, instruction relative to special issues, allowing jury to consider shrinkage in addition to difference in value, held error.

In action against carrier for unreasonable delay in transporting hogs, instruction as part of special issues, allowing recovery for shrinkage in weight in addition to difference between contract price of hogs on shipment and market value at time of delivery, *held* error as permitting double recovery.

Appeal from District Court, Brazos County; W. C. Davis, Judge.

Suit by M. J. Tremont against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reformed and rendered.

Frank A. Woods, of Franklin for appellant.

W. E. Neeley, of Bryan, for appellee.

BARCUS, J. This suit was instituted by appellee against appellant to recover damages, which he claims to have suffered by reason of the negligent and unreasonable delay caused by appellant, in transporting a car of hogs from Bryan to Galveston, Tex. The car of hogs was loaded at Bryan about 4 o'clock Sunday afternoon, and left there at 9 p. m., and arrived at Galveston about 9:30 Monday night. Appellee contends that, if said car had been handled with ordinary care and within a reasonable time, the hogs would have arrived in Galveston by 9 o'clock Monday morning. Appellant contends that it was handled with reasonable dispatch and as quickly as same could be handled by its agents and employees. The cause was tried to a jury and submitted on special issues, and resulted in a judgment being rendered for appellee for $184.65.

Appellant presents five propositions in its brief, four of which relate to what it claims to be the insufficiency of the testimony to sustain the findings of the jury. We have examined each of these and overrule appellant's contentions.

Special issue No. 6, submitted by the court, was as follows:

"What amount of money will reasonably and fairly compensate plaintiff for the damages sustained, if any?

"In answering this question, you will take into consideration the difference between the contract price at which said hogs were sold to the High Grade Packing Company prior to shipment of said hogs, if they were so sold, and the reasonable market value of said hogs at Galveston, Tex., March 3, 1925, and also the shrinkage in weight of said hogs, if any, due to the negligence of defendant, its agents, servants, and employees, if there was negligence."

To which the jury answered "$184.65." In response to another issue, the jury found that the excess shrinkage in weight of the hogs, occasioned by the unnecessary delay in transportation, was 320 pounds. Appellee testified that he had sold the car of hogs to the High Grade Packing Company before he shipped them at $11 per cwt. for the hogs and $9 per cwt. for the pigs. The evidence further shows that, when the car of hogs was weighed and sold on Tuesday, March 3d, the 30 hogs weighed 5,010 pounds and 87 pigs weighed 9,005 pounds; that appellee received the market price therefor, the hogs bringing 10½ cents per pound and the pigs from 7 to 8½ cents; that he received a total for the hogs and pigs of $1,207.70, and received in addition $20 for a stag.

Appellant objected to special issue No. 6, given by the court, because it authorized a double recovery, in that it authorized the jury to consider the difference in the price at which appellee claims he had sold the hogs and the market price of the hogs on March 3d, and also to consider shrinkage in weight of said hogs. Appellant contends that the difference in the contract price and the market price covered the item of shrinkage as well as the decline in market, and that the effect of the charge is to allow a double recovery. We sustain this contention. When, as in this case, the court instructs the jury to determine the difference in the contract price and the market value when sold, the jury, without further instructions, is authorized to take into consideration all of the elements of damage which are supported by the pleading and proof, and the court should not have instructed the jury that they might consider the

shrinkage after he had given said general instruction which covered said item. International & G. N. R. Co. v. Startz, 37 Tex. Civ. App. 51, 82 S. W. 1071; St. Louis & S. W. R. Co. v. Foster (Tex. Civ. App.) 89 S. W. 450; St. L. & S. W. Co. v. Smith (Tex. Civ. App.) 63 S. W. 1064; St. Louis & S. W. R. Co. v. Highnote (Tex. Civ. App.) 74 S. W. 920; St. Louis & S. F. R. Co. v. Lane, 49 Tex. Civ. App. 541, 110 S. W. 530; 10 C. J. 394. For the above error, the judgment of the trial court is reversed.

Appellee suggests in his brief that, if this court is of the opinion that there is any error in the judgment which can be cured by a remittitur, the court suggest what amount should be remitted. The jury found the excess shrinkage was 320 pounds. The average price which appellee received for said hogs was $8.61, which would be $27.55 for the 320 pounds shrinkage. If appellee will file a remittitur of said $27.55 within 15 days, the judgment of the trial court will be reformed and affirmed.

### On Rehearing.

In conformity with the suggestion made in the original opinion, appellee has filed a remittitur in this court of $27.55, and asks that the judgment of the trial court be reformed by eliminating said amount from the judgment, as rendered for him in the trial court, and, as reformed, affirmed. Our judgment of reversal being based solely upon the erroneous instruction given by the court, which authorized at the outside a recovery by plaintiff of said sum of $27.55, and said amount having been remitted by appellee, the motion for rehearing is here granted, the judgment of the trial court is here reformed, and judgment is rendered for appellee against appellant for the sum of $157.10, together with 6 per cent. interest thereon from October 29, 1925, the date of the judgment in the trial court. The costs of this court to be taxed against appellee.