INTERNATIONAL & GREAT NORTHERN RAILWAY CO. v. W. S. HERNDON.
No. 945.

**1.  Receivers—Contracts of Employment by, Continue Subject to Control of Court.**

It is in the power of a court having charge of a receivership to cause retrenchments and changes of management, and even a closing up of the receivership, to be made at any time, and the exercise of this discretion can not be hampered by contracts of receivers extending employment in their service for stated periods.

**2.  Same—Claims for Services Under—Approval of Court.**

Where an attorney employed as counsel by the receivers of a railway company, at a stated annual salary, seeks in another court, after the termination of the receivership, to enforce against the corporate property a claim for balance of salary under the contract, as to the payment of which the receivers did not agree, he must show that such debt was authorized or was approved by the court having charge of the receivership, and the fact of prior monthly payments of salary by the receivers is not sufficient.

APPEAL from Cherokee.  Tried below before Hon. JAMES T. POLLEY.

*Cate & Teagarden,* for appellant.

*B. B. Cain,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover a sum of money which he claimed to be due him as a balance of his salary as a general solicitor, and certain items of expense for which he claims the receivers of appellant had become liable to him pending the receivership, and for which he sought to make appellant liable on the ground that it had received back the property from the receivers, with improvements added and paid for out of the earnings of the road during the receivership.

His claim is based upon the following facts which are alleged in the pleadings and appear from the evidence:

In February, 1889, the property of appellant was placed in the hands of two receivers by the District Court of Smith County.  By those receivers the position of general solicitor was created, and appellee was chosen to it, at a salary of $10,000 per annum, to be paid monthly.  It was also agreed that the receivers would pay the actual expenses incurred in and about the office of general solicitor, such as traveling expenses, stationery, stamps, fuel and the like.  The receivers made and published a general order showing this action, and it is published as a part of the proceedings in the receivership.  Shortly afterwards, one of the receivers resigned and another was appointed in his stead, and, during the administration of the two thus acting, the contract with appellee was continued in force and carried out.  In January, 1891, one of the receivers died, and T. M. Campbell was appointed in his stead, and he and T. R. Bonner, the surviving receiver, were continued in the custody and management of the property of appellant until the death of Bonner,

which occurred August 30, 1891. After that time Campbell, with authority from the court, acted as sole receiver until September, 1892, when, by action of the court, the receivership was closed and the property was delivered to the appellant. The receivers had applied to the permanent improvement of the road current earnings from its operation by them in amount more than sufficient to pay any sum owing to appellee, and such improvements were received by appellant with its road.

It is not alleged or shown by the evidence that any action was taken by the court upon appellee's claim, nor is any order of the court concerning the contract produced. It does appear that no part of the sum sued for has been paid, and there is no controversy as to the amount due, if a right to recover upon the contract is shown.

The amounts falling due appellee for his salary were paid monthly in accordance with the agreement, without objection from any source, until about the first of April, 1891. On March 27, 1891, Campbell addressed a letter to appellee stating, in substance, that, as he regarded the office of general solicitor as an unnecessary one, he had concluded to abolish it, to take effect April 1, 1891. Appellee, not acknowledging the authority of Campbell to abolish the position, had an interview with Bonner, the judge of the court, and the general attorneys of the receivers. Bonner did not concur in the action of his co-receiver, and in this the judge and the attorneys agreed with him. The judge stated that he would write Campbell to reconsider. It does not appear that the court ever took any action concerning the matter. After April 1st, and up to July 1st, appellee's salary was paid upon vouchers signed by Bonner, but not by Campbell. For the months of July and August no payments were made, and it is the salary for these months and unpaid expenses that are claimed in this suit. During those months work was furnished appellee by Bonner, which was performed, and Bonner recognized him as still holding the position. The court below held that the position held by appellee was an office already established, which could not be abolished by the action of one of the receivers, without the concurrence of his associate; and that the action of Campbell had no effect upon the rights of appellee under his contract.

It seems to have been assumed by the court below and to be assumed by appellee, that the receivers by their joint action could make a contract of the character here in question which would of itself and without anything further, charge the property in their hands. This we do not understand to be the law. The control of the property and of the receivers in their management of it was vested in the court. Receivers can make only such contracts as the court may previously authorize or subsequently approve. The power to incur some liabilities chargeable against the fund in their hands may be necessarily implied in their appointment, and from the nature of the duties to be performed, and the court making the appointment will recognize as a proper charge against the property all such incidental expenditures. And this is especially true

of receivers of railways whose duty it is made to operate the roads placed in their charge. But even in such matters the action of the receivers is subject to review by the court having control of them. Lehigh Coal & Navigation Co. v. Ry. Co., 35 N. J. Eq., 457; Cowdrey v. Ry. Co., 1 Woods, 331; Beach on Receivers, sec. 361.

Generally speaking, a receiver has no power to make a contract which, of itself, will make the property in his hands responsible for his undertaking. Without the sanction of the court his contracts do not charge the funds in his hands. Beach on Receivers, secs. 256, 257.

He may make such contracts, and become personally liable to the other party; or he may, if he sees fit, undertake to make the funds in his hands liable for debts incurred by him. But, in the latter case, his undertaking is conditional, and the person contracting with him cannot reach the fund without the sanction of the court having control of it.

The fees of counsel for services rendered the receiver in the management of the property are recognized as an expenditure which may be properly charged upon the property. But the propriety of such expenditures and the reasonableness of the amounts paid or agreed upon in particular instances, is always for the final determination of the court. And a contract made by the receiver for the employment of the attorney cannot bind the court, but, like other matters in the receivership, is subject to its control.

It may be very proper for a receiver to have counsel to aid and advise him concerning legal questions arising in his management of the estate; but his contract for a term of employment or a rate of compensation, from the very nature of his office, must be subject to the power of the court to conclude the one, or to disallow the other. And questions of this nature belong to the court controlling and settling the receivership. The right of the attorney to charge the property in court with his fee does not arise from the mere contract with the receivers. Beach on Receivers, secs. 261, 262, 751; High on Receivers, secs. 188, 266, 805.

It would seem to follow, that a party suing in another court to enforce a charge against the property should show that his claim, the validity of which as such a charge is dependent upon the approval of the court which had control of the receiver, had been approved by that court, or had at least been authorized by it. One having a complete cause of action against a receiver may, under our statute, sue upon it in any court having jurisdiction; but the question here is, did appellee have any cause of action against the receivers to charge the fund in court, without showing that the liability was incurred by the receiver with authority from the court, or that the court had acted upon and approved the claim? And so, if there accrued against the receivers a cause of action complete in itself, such as was chargeable against the fund in their hands, and the property afterwards passed to its owner so as to charge him with the liability, suit to enforce it could be maintained in any court having jurisdiction; but did this fund ever

become chargeable without action of the court making it so? It does not follow that because another court than that in which the receivership was taken out may entertain a suit against the receiver or one against the corporation on a cause of action which accrued against the receiver, it may therefore determine matters which were necessarily submitted by law to the discretion of the court which controlled the receivership. The duty of making allowances to the receiver and fixing the expenditures properly chargeable to the fund necessarily belongs to the court whose officers the receivers are. Counsel fees are expenses incurred by the receiver himself to aid him in the exercise of the authority entrusted to him, and their allowance or disallowance is left to the court conferring the authority.

The contention of appellee is that he held an office which had been established by the joint action of receivers, the term of which lasted for the year, and that the joint action of both receivers was essential to abolish it. But the receivers never had authority by their contract, merely, to fix such a liability on the fund, and no order of court permitting them to do so or approving their action in doing so, is shown. The mere fact that appellee held the position and received his compensation from time to time cannot be held sufficient. It may be properly inferred from those facts that the action of the receivers in employing him and paying him the amounts which he received met with the approval of the court. But that fact could not bind the court to recognize the continued employment for any particular time. It was in the power of the court to cause retrenchments and changes of management or even a closing up of the receivership to be made at any time, and the exercise of this discretion could not be hampered by contracts of receivers extending employment for stated periods. Hence, it cannot be conceded that, at the time receiver Campbell took the action stated, there was an established right on the part of appellee to continue in the employment, and in receipt of the salary agreed upon with the former receivers. It was competent for the court to still allow credit for sums paid him, which we infer it did up to July 1, 1891. It was also competent for it to determine what compensation the receivers might pay him for services rendered after that time. The receivers did not agree upon that compensation, and that court has never allowed it. On the contrary, it has closed the receivership without, so far as this record shows, taking action upon it.

The most that appellee can claim is that he had a claim against the receivers which merited the approval of that court, and this, as we view the case, is not sufficient to show a perfect cause of action to charge the property. The judgment of the District Court is therefore reversed and judgment here rendered for appellant.

*Reversed and rendered.*

Delivered November 7, 1895.

## ON MOTION FOR REHEARING.

WILLIAMS, ASSOCIATE JUSTICE.—The motion for rehearing assumes that the court based its judgment upon a defense not pleaded or relied on by defendant, but such is not the case. Defendant, in substance, denied that there was any contract between appellant and the receivers binding them to pay, for the services rendered by appellant, the amount agreed upon with the former receivers, and relied on the action of Campbell as repudiating any such liability. Appellant claimed that his right was fixed by the action of the former receivers and was beyond the control of Campbell, acting singly. This necessitated a determination of the effect of the action of the former receivers, and the court accordingly held that, in and of itself, it did not have the effect claimed for it by appellant, for the reasons given in the opinion. And, as there was no agreement between appellant and both of the receivers, who had control of the property during the period in question in this suit, and no action of the court fixing appellant's right to charge the fund, but, on the contrary, a closing up of the receivership without action upon his claim, the court held that no charge upon the fund was created which followed it into the hands of the defendant. We see no reason to change our views; and, as no facts are shown which would enable appellant, upon another trial, to meet the objection, there is no occasion to remand the case.

*Overruled.*

Delivered December 21, 1895.

Writ of error refused.