ALLEN et al. v. KITTRELL et al.

(Court of Civil Appeals of Texas. El Paso. Dec. 4, 1913. Rehearing Denied Jan. 8, 1914.)

1. RECEIVERS (§ 96*)—CONTRACTS—PERSONAL LIABILITY.

A receiver may make contracts without the sanction of the court, binding himself personally to another party for debts incurred by himself expressly or by accepting services which he is bound to perform and which otherwise would be a charge against the property.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 176–180; Dec. Dig. § 96.*]

2. RECEIVERS (§ 96*)—CONTRACTS—PERSONAL LIABILITY.

Where, though the receiver of the property of two persons knew that the wife of one of them was performing services for the benefit of the estate, and at times gave her instructions concerning the performance of such services, he did not agree that they should be compensated from the amount which it was subsequently agreed should be paid him for services, he was not liable, as he had reason to believe that she was performing such services to save the expense to the receivership proceeding.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 176–180; Dec. Dig. § 96.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Mrs. Claire Allen and others against Norman G. Kittrell, Jr., and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

A. C. Allen, of Hillsboro, for appellants. Atkinson & Atkinson, Norman G. Kittrell, Sr., and H. Masterson, all of Houston, for appellees.

HARPER, C. J. This was an action in the district court of Harris county, Tex., by Claire E. Allen, joined by her husband, A. C. Allen, and Margaret E. Allen, by plea adopting allegations of petition against Norman G. Kittrell, Jr. The petition alleged that said Kittrell was receiver of the estate of Margaret E. and A. C. Allen in a receivership

in said court, being cause 46,812. That, as such receiver, there came into his charge certain property in Houston, Harris county, Tex., and in other counties in Texas. That owing to the condition and situation of said property in Houston, about all the receiver had to do would have been to visit the properties, receive rents from tenants, etc., from time to time. That, as to the Houston property, the services of the receiver were only of comparatively small value. That the properties in Navarro and Erath counties needed no attention, save to receive a small rent per annum remitted by tenants. That the only property requiring constant care and attention was the farm property in Bosque county, Tex., which was more than three-fourths of the trouble, and required more than three-fourths of the time to look after as all of the balance of said property in receivership. That in connection with said farm were valuable live stock in the way of horses, mules, colts, and high grade cattle. That said farm is situated on part of the tract of land comprising about 5,000 acres, divided by different fences into various farms and pastures. That parts of said land were rented for corn and cotton for one-half of what should be made, and the balance of the land was used for hay, meadow and grazing purposes. That said Kittrell lives in Houston, and during the pendency of this receivership has not resided at or near said property in Bosque county, but has remained in Houston practicing law and acting as receiver for at least one other large and valuable estate, to wit, the estate of Mrs. ——— Scales, and has visited said Bosque county property about once a month for three or four hours on each occasion. That Mrs. Claire E. Allen was employed by said Kittrell as his assistant declared on in two separate and distinct counts; the first that she was employed by him to look after the Bosque county business at $85 per month, and that he settled for amount due her to September 1, 1909. Then alleged that she continued devoting her attention to said business in Bosque county, including the hiring and discharging of hands, paying the hands, making all necessary purchases for the conduct of the business, keeping the time of the hands, and seeing them perform their work, keeping the books and accounts pertaining to the business, receiving and answering letters from said Kittrell, and the carrying on and doing what he would have had to do in person, unless represented by some one, and that said services from September 1, 1909, to March 1, 1911, at $85 per month, amounted to $1,530, and the same was unpaid. That said Kittrell, as receiver, employed as his counsel H. Masterson and H. N. Atkinson, and they made the bond of said receiver. That about the 1st of September, 1909, an agreement between Margaret E. and A. C. Allen and said Kittrell's attorney was made, by which it was agreed that the total of expenses due Kittrell as receiver

for care and management of the business of receivership, including compensation to his attorneys, should be $8,000. That at the time said arrangement was proposed, it was understood Mrs. Claire E. Allen was to receive $85 per month, to come out of said $8,000 as an item of expense necessarily incurred in the management of said estate, etc. That about February 17, 1911, Margaret E. and A. C. Allen contracted with H. Masterson for $8,000, substantially alleging that $4,000 of same had been applied as fees to Kittrell's attorneys as receiver, and that there was $4,000 remaining in said Masterson's hands to be paid over to said Kittrell. Said $8,000 is alleged to have been divided by Kittrell and his attorneys. That said money, in truth and in fact, is the money of Margaret E. and A. C. Allen, with the trust against it of being applied for the use and benefit of Margaret E. and A. C. Allen in the payment of the costs of said receivership, including the compensation said Kittrell was to receive as receiver. Said petition alleged that said Kittrell now sets up a claim to the whole of said $4,000, ignoring and refusing to pay said Mrs. Claire E. Allen the value of her services, and H. Masterson was impleaded because holding said money, and that Masterson was not asserting any claim adversely to either plaintiffs or defendant. A separate and distinct count in the petition: "But should the court be of opinion that the above facts do not constitute an express contract," and alleging that Claire E. Allen performed said services, and that Kittrell dealt with her as his agent and assistant, and that she rendered the services from September 1, 1909, to March 1, 1911, under verbal and written instructions from Kittrell, and that same would have had to have been performed by him or some one for him, and that said services were absolutely necessary to the preservation of the property and conduct of the business, and that Kittrell accepted said services, and that they were reasonably worth $85 per month. That, in addition, she protected the property from trespassers, caused legal proceedings to be instituted against them, setting out particular trespasses, and had to attend court in Bosque county about these matters; also had to attend court to protect the rent due from a tenant whose cotton was attached by contending firms of merchants, and rode about 60 miles in all in a buggy attending court about this matter, and is advised will have to attend court again and until it is settled, and prayed judgment for the amount due her from September 1, 1909 to March 1, 1911, at $85, and asking it be made payable out of the $4,000 in the hands of Masterson. The petition contained prayer for general relief.

Defendant Kittrell answered showing he was receiver in cause 46,812, appointed December 26, 1908, and asked that the present cause be consolidated with said receivership cause. Then a general demurrer. Then spe-

cial exception that it was, in effect, a suit by plaintiffs against themselves. Then general denial. Then plea admitting $8,000 was the amount agreed on as compensation for the receiver and his attorneys in and about the management and care of said estate. Also admits that, of said amount, $4,000 was to be paid to the firm of Masterson, Atkinson & Masterson, attorneys for receiver, and $4,000 to this defendant as receiver of said estate, but denies that there was any agreement between him and plaintiff in any way that any part of his $4,000 was to be paid to plaintiffs or either of them. Also alleges that $100 a month was paid A. C. Allen during a portion of the time of this receivership for his services in and about the care of said farm, and that no amount was paid Mrs. Claire E. Allen, etc. Alleges value of said estate about $600,000, and its indebtedness about $360,000. That he and his counsel diminished the amount claimed about $80,000. That he attended court in Bosque county to prevent the estate in Bosque county being sold there by execution, and that an appeal was taken from adverse judgment to the Court of Civil Appeals at Ft. Worth, and that it was reversed and rendered in favor of the estate. That said $4,000 was a small compensation. Denied that it was understood that Mrs. Claire E. Allen was to be paid anything out of his compensation, and particularly that he did not so understand it, etc., but if the court was of the opinion Claire Allen so understood it, then to grant her a reasonable compensation out of said estate. Also asks that the $4,000 due him be confirmed, and asked for $500 in a cross-allegation for trouble and counsel fees defending this suit.

The cause was tried before the court without a jury, and judgment rendered to effect that said cross-action be dismissed, and the defendant Kittrell and H. Masterson go hence without day and recover costs, etc.

Appellants' first three assignments charge that the court erred in rendering judgment for defendants Kittrell and Masterson and against the plaintiffs, because the evidence showed that the services alleged in the petition were performed, that they were reasonably worth the amount sued for, had been authorized and accepted by said Kittrell, and had not been paid. Because, if there was no express contract, the evidence established an implied contract in that defendant, Kittrell, knew that plaintiff performed the services and admitted he did not, and when the evidence showed his liability and duty to perform it, or have it done by some one, and there was no evidence that she agreed to do it without compensation. Appellants' proposition is that: "Where a receiver orders work done by a party in order to carry out his duties, and where he fails to allege and prove that he applied to the court for authority to employ an assistant, and that such employment was authorized by an entry on the docket of the court, and such party does the necessary work for the receiver under his directions, he is personally liable for the reasonable value of such services. Where the estate of one is taken in receivership, the law does not require such one to go ahead and perform the duties of attending to the business gratis and without compensation, a fortiori, is one's wife under no obligation to do so. A receiver should give the receivership business his personal attention, and with the same prudence as in his own affairs. Where a judgment is warranted on the facts for the value of services performed by one person for another, which latter was receiver of the estate of a feme sole and her son, and where the evidence showed that the sum of $8,000 had been agreed on by all parties in interest as the total amount of costs and expenses of the receivership, same to be provided by said feme sole and her son, the owners of the property in receivership, and where the evidence showed they did provide and have in the hands of a party said $8,000 to pay such costs and expenses, while this takes the matter out of the jurisdiction of the court in the receivership cause, on the ground that the parties have, by contract, settled the matter, it does not warrant such judgment, sought as in this case, in an independent suit against the person for whom the services were rendered, payable out of said $8,000, especially where such plaintiff is the wife of one of the parties who provided such money."

[1, 2] There is no doubt that a receiver may make contracts, without the sanction of the court, binding himself personally to another party for debts incurred by himself. I. & G. N. v. Herndon, 11 Tex. Civ. App. 465, 33 S. W. 377. By express contract or by accepting services from another, which he himself is bound in law to perform in due course of receivership, and which otherwise would be a charge against the property, the trial court finds, in the fourth paragraph of findings of fact, that the defendant never directly nor indirectly promised or agreed to make himself liable personally for any compensation whatever to be paid to the plaintiffs. Since the plaintiffs do not attempt to hold the estate liable, and the trial court has held in unqualified terms, as a matter of fact, that the receiver, Kittrell, did not bind himself, then clearly the plaintiffs are not entitled to recover in this action against him personally. It is urged with much zeal that because plaintiffs did the work with the knowledge of defendant Kittrell, and at times under direct instructions from him, that an implied contract is thereby created to pay the value thereof.

The plaintiffs' pleading is that by an agreement with Masterson and Atkinson, attorneys for defendant, Kittrell, in his official capacity as receiver, the sum of $8,000

should be the whole of the compensation for both receiver and his attorneys, and that out of it the future expenses of receivership should be paid. This is disputed by the attorneys. But it is nowhere contended that the latter part of this agreement was ever communicated to defendant Kittrell, so while he agreed to take $4,000 as his compensation as receiver, we search the record in vain for any evidence that the receiver had any reason to think that any portion of his $4,000 should go for the expenses of receivership. So it is but reasonable to conclude from the facts of this case that, while the receiver knew the work was being done by plaintiffs, he also had reason to believe that it was being done to save that expense to the receivership proceedings, and since the very property belonged in residue to the parties doing the work, and that thus, through this fact, they received compensation in fact, the receiver had no reason to believe that he was liable personally. At any rate, there is no such showing in this record as would justify a court in holding that the plaintiffs should be compensated out of the allowance made to defendant Kittrell by the court, as his compensation for services as receiver.

The other assignments raise the same questions, so all are overruled.

Finding no error in the record, the judgment of the lower court is affirmed.