KANSAS CITY, M. & O. RY. CO. OF TEXAS v. WEAVER.   (No. 643.)

(Court of Civil Appeals of Texas. El Paso. Jan. 18, 1917.   Rehearing Denied Feb. 8, 1917.)

1. RECEIVERS ⬥⟺146 — AUTHORITY TO BIND PROPERTY—ORDERS OF COURT.

Receivers can bind the property in their hands or its proceeds only by such acts as the court may previously authorize or subsequently approve, and, in order to charge the property after its redelivery by receivers, the claimant must plead and prove the authority of the receivers.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 253–256; Dec. Dig. ⬥⟺146.]

2. RECEIVERS ⬥⟺183 — AUTHORITY TO BIND PROPERTY—PETITION.

A petition against a railroad company, after it had resumed possession of its property, for damages to plaintiff's property caused by the excavation by the receivers of a ditch in the street alongside the track and in front of plaintiff's residence, which alleged that the receivers were authorized by the court to construct the track, that after they had constructed and raised the grade they excavated the ditch, fails to show that the excavation of the ditch was authorized or approved by the court which appointed the receivers, and is therefore insufficient.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366; Dec. Dig. ⬥⟺183.]

3. PLEADING ⬥⟺403(2)—AUTHORITY TO BIND PROPERTY—PETITION—CURE BY ANSWER.

The allegation of the answer that the receivers acted without authority in excavating the ditch did not cure the defect, since the petition must contain such affirmative allegations as will put defendant on notice of the facts on which plaintiff relied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1344–1347; Dec. Dig. ⬥⟺403(2).]

4. RAILROADS ⬥⟺210—RECEIVERS—AUTHORITY TO BIND PROPERTY—EXTENSION OF RAILROAD—EXCAVATION OF DITCH.

An order of the court which appointed receivers, authorizing them to extend the line of railroad along a certain street, does not authorize the excavation of a ditch along that street between the tracks and the abutting property.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 696–701; Dec. Dig. ⬥⟺210.]

5. APPEAL AND ERROR ⬥⟺742(1) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

Assignments of error not followed by propositions and statements will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬥⟺742(1).]

6. RAILROADS ⬥⟺212—RECEIVERS—REDELIVERY OF PROPERTY—LIABILITY FOR ACTS OF RECEIVER.

Under Act March 19, 1889 (Acts 21st Leg. c. 59) § 6, declaring that the discharge of a receiver shall not abate a suit pending against him, nor affect the right of any claimant to sue him after discharge, and giving the right to prosecute such action against the receiver alone, or to join the person whose property was once in his hands, and subjecting such property, when redelivered without sale, to all unpaid liabilities of the receiver in causes of action arising out of and during the receivership, a railroad property redelivered by receivers appointed by the federal court is liable in the state court in an action begun against the receivers for damages caused by the acts of the receivers, regardless of whether the decree of redelivery imposed such liability on the corporation or reserved to the federal court jurisdiction to determine such claims, especially where the federal court had not exercised its power, if it had any, to resume possession of the property.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 702–706; Dec. Dig. ⬥⟺212.]

7. LIMITATION OF ACTIONS ⬥⟺109—ACCRUAL OF RIGHT—ACTS OF RECEIVERS.

The two-year statute of limitations does not begin to run against a railroad corporation which had resumed possession of its property after receivership for acts of the receivers until the resumption of possession.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 519; Dec. Dig. ⬥⟺109.]

8. APPEAL AND ERROR ⬥⟺1045(3)—HARMLESS ERROR—QUALIFICATION OF JURORS.

Bills of exception, charging error in overruling challenges to jurors qualified by showing that the challenged jurors did not sit in the case, and that appellant did not object to any other jurors nor ask further challenge, do not show that the error complained of could have been reasonably calculated to cause an improper verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4126; Dec. Dig. ⬥⟺1045(3).]

Appeal from District Court, Brewster County; Joseph Jones, Judge.

Action by J. W. Weaver, originally commenced against S. B. Hovey and another as receivers, in which the Kansas City, Mexico & Orient Railway Company of Texas was made a defendant after the property was returned to it by the receivers. Judgment for the plaintiff, and defendant railway company appeals. Reversed and remanded for new trial.

H. S. Garrett, of San Angelo, Williams & Jackson, of Ft. Stockton, and W. Van Sickle, of Alpine, for appellant. Martin & Martin and Ben G. Smith, all of Ft. Stockton, for appellee.

HARPER, C. J. This is an appeal from a judgment for $3,000 in favor of appellee and against the Kansas City, Mexico & Orient Railway Company of Texas for cutting down a street upon which plaintiff was an abutting property owner. The suit was originally filed against the receivers of the railway company, appointed by the United States District Court. They were discharged, whereupon, by amended pleading, the company was made a party defendant, and for cause of action alleged: That S. B. Hovey and M. L. Mertz were the duly appointed and qualified receivers of the said railway company under an order of the United States District Court for the Northern District of Texas. That, as receivers, they extended the line of railway from Girvin to Alpine and across Avenue

D, a public street, and in close proximity to and along the full length of plaintiff's property, and raised its grade so as to constitute a high embankment on which its tracks were located. That, after the receivers constructed the embankment and track, they excavated a large cut or ditch along said street which extended on each side of said track about 300 feet long and in front of his property. That immediately in front of his premises it has a depth of 6 feet with perpendicular walls which cuts off the approach of his premises, and that by reason thereof he is unable to use his sidewalk for ingress and egress. That his property (described) is used as a residence. That said ditch renders his property unsightly, etc., with other allegations descriptive of the cause of injury to his property. That, by order of the court, the properties of the railway company, including this portion of its road, was turned back to the company, and the receivers discharged. The order, in part, reads:

"Directing the delivery of said property to the railway company * * * expressly charged with and subject to: (a) All court costs, etc.; (b) all of the liabilities which have heretofore been adjudicated * * * and which may hereafter be finally adjudicated and determined to be just, true, and correct demands against said Hovey and Mertz as receivers, arising out of the operation of the lines or property of the defendants by such receivers; (c) all of the indebtedness and liabilities owned by and due from the said * * * company which have been finally established and adjudged or which may hereafter be finally adjudicated by this court or by any other court of competent jurisdiction, and which may be found to be just, legal liabilities against the said railway company."

That the earnings, by reason of the operation of the railroad by the receivers, was expended in the construction of said road and its improvements, and that the revenue so expended were in betterment of the road and greatly exceeded all claims heretofore established and now sought to be established against the company or its receivers.

Defendant answered by special exceptions: (1) That the claim is barred by the statute of limitations of two years; (2) that it does not show that the receivers had any authority to grade the street. General denial. Specially pleaded the statute of two years' limitation. That, if the excavation was done by the receivers or any person acting under them, it was without authority. That the excavation is no part of the right of way of defendant railway company, and that, if it was done, it was done under an agreement between the county judge and commissioners' court of the county and one Parker, and said Parker had no authority from the receivers or the defendant to do it. That therefore the defendant is not liable.

Many of the nineteen assignments raise the same questions, so we take them up for discussion in the order which we think most comprehensive.

The eighth charges error in the court not

sustaining exception to the petition: (a) Because it did not charge that the excavation in the street was done by the receivers as such; (b) because it fails to show that it was done by the receivers, as such, in the line of their duties as receivers of the railway property, nor does it allege that the court ordered it done.

[1, 2] Receivers can bind the property in their hands or its proceeds only by such acts as the court may previously authorize or subsequently approve. The power of the receivers to incur some liabilities chargeable against the funds in their hands may be necessarily implied in their appointment from the nature of the duties to be performed, and this is especially true of receivers of railways, whose duty it is made to operate the road placed in their charge; but in order to charge the railway company, after it has received back its property, with liabilities incurred by the receiver, the party seeking recovery must plead and prove that the claim he asserts comes with the above rule, because otherwise the receiver may be personally liable and not the company. I. & G. N. Ry. Co. v. Herndon, 11 Tex. Civ. App. 465, 33 S. W. 377, and authorities there cited. Applying the rules announced above, it must be held that the petition is insufficient. T. & P. Ry. Co. v. Adams, 78 Tex. 372, 14 S. W. 666, 22 Am. St. Rep. 56.

[3] Nor is the defect cured by any allegation in defendant's answer as suggested by appellee. Plaintiff's petition must contain such affirmative allegations as will put defendant upon notice of the facts relied upon as a basis of the cause of action, and the negative allegation in the answer, that the acts of the receivers in constructing the excavation was without any authority from the court appointing them, did not cure the defect.

[4] Appellee further suggests that, the appellant having itself produced the order of the court authorizing the receivers to extend the line from Girvin to Alpine and impliedly to do this excavation, it cannot now complain that the petition was insufficient in failing to allege such order and authority. There is no question of the authority to extend the line, but the question here is: Did the court directly or impliedly authorize the construction of the ditch, or afterwards approve it? Or, are the allegations in plaintiff's petition sufficient to charge that this street excavation was a proper or necessary work in the construction of the additional mileage?

The first, second, third, sixth, seventeenth, and eighteenth assignments charge that there is no evidence that the act of excavating the street was within the express or implied scope of the authority of the receivers. If the holding is correct that the petition is not sufficient to charge liability, evidence would be of no avail. However, in answer to the assignments, it is very doubtful whether there is any evidence in this record of proba-

tive force that this street was excavated by order of the court or approved by it afterwards, or that from its nature it can be necessarily implied to be a necessary part of the construction work on the additional mileage of road ordered by the court.

[5] The fourth and fifth are not followed by propositions and statements, so will not be considered.

[6] The seventh is, in effect, that the decree discharging the receivers does not comprehend plaintiff's claim in terms as one which can be adjudicated in the state court, but adjudicated in the federal court.

In the order discharging the receivers and turning the railroad properties back to appellant, among other provisions made by the federal court, the following appears:

"It is further ordered, adjudged, and decreed by the court that all questions not hereby disposed of are reserved for future adjudication, and the court reserves jurisdiction of this cause and of the property affected by this decree for the purpose of final disposition of all such questions and matters, and any part of this proceeding, and any claimant or intervener, whose claims have been or shall be filed herein, may apply to this court for further orders and directions as may be deemed right and proper. And the court reserves jurisdiction, upon due hearing, subject to the right of all parties interested to contest, to charge the property hereby directed to be delivered to the said defendant as aforesaid, with any and all liabilities which have been or which may hereafter at any time be finally adjudged against the receivers for or by reason of any act or omission of theirs in the administration of their trust as such receivers."

It is evident that the object of the suit is to charge the properties of the railroad company with liability for the damage claims to have been sustained by reason of the act of the receivers in excavating Avenue D. The question is presented: Does the above order reserve to the federal court discharging the receivers the exclusive jurisdiction of this suit?

The order of discharge of the receivers was made on the petition and application of the appellant railway company. As a part of the order of the federal court, discharging the receivers, appears the following:

"And it is further provided by the acceptance of the said the Kansas City, Mexico & Orient Railway Company of Texas of the provisions of this order and decree that it is deemed and held to have assumed all of such liabilities and indebtedness as herein provided for."

The receivers were appointed by the District Court of the United States for the Northern District of Texas, on the 9th day of March, 1912. The excavating of Avenue D is alleged to have occurred in the month of May, 1913. Upon the order of the federal court, the receivers, beginning with the 9th day of July, 1914, delivered to appellant all of the lines, property, and assets of every kind, and their duties as receivers closed on said day.

The Act of March 19, 1889 (General Laws, p. 57), declares that the discharge of a receiver shall not work an abatement of a suit

191 S.W.—38

pending against him, nor affect the right of any one having a claim to sue him after discharge; it gives the right to prosecute such an action against the receiver alone, or to join with him the person or corporation whose property was once in his hands as receiver. The act further provides that all parties and corporations whose property has been placed in the hands of a receiver by order of court, and which was not sold by the receiver, and which property has been redelivered back to the original parties or corporation without sale, shall be liable and held to pay all of the unpaid liabilities of the receiver in causes of action arising out of and during the receivership, and the act makes other provisions which we need not here state, but refer to the act.

Our Supreme Court, in Texas-Pacific R. Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60, held that the foundation of a cause of action such as the case at bar does not rest upon the order of the court appointing a receiver, but it does rest upon the statute, and, in the absence of statute, it would rest on the existence of the facts which under general principles applicable create a charge or lien, and no order of any court can change the effect of such facts or affect one not a party to the proceedings in which the order was made. The court in that case further held that so much of the order of the court as required intervention and provided a time within which this should be made was inoperative upon any right of appellee. But if the court had such power to resume custody of the company's property, a sufficient answer to appellant's claim in the assignment is that the court has not exercised such power in the case, and may not do so in any claim not reduced to judgment by intervention in that court. On a writ of error to review the judgment of the Supreme Court of Texas in the Johnson Case, supra (151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81), Chief Justice Fuller, speaking for the Supreme Court of the United States, in affirming the judgment, said that the order of the court appointing the receiver was not a decree in rem condemning the particular thing seized, but an order providing for the resumption of possession thereafter, if found necessary, to the end that such a decree might then be granted; and that the court was aware of no principle which would justify that court in holding that a court, under the circumstances existing, could part with its jurisdiction over property by a complete surrender thereof to its owner, and at the same time constructively retain jurisdiction over such property so as in that respect to bind those who would otherwise be unaffected by its orders. This case, as was the Johnson Case, is not one of a fund in court; nor is it a case of purchase in which compliance with stipulated conditions form part of the consideration, and the extent of the burden assumed is defined. The case of Missouri, K. & T. Ry. Co. v. Chil-

ton, 7 Tex. Civ. App. 183, 27 S. W. 272, is in point on the question. The assignment is overruled.

[7] Appellant's ninth ground of error presents the question of the bar of the cause of action under the statute of two years' limitation. Appellee filed the suit against the receivers on the 28th day of January, 1914, and before their discharge on the 9th day of July, 1914. Appellee's third amended original petition, in which appellant was made a party defendant with the receivers, was filed February 7, 1916. The excavation of Avenue D causing the alleged damage sued for was alleged to have been done "about the month of May, 1913." The petition alleges that the excavation was done by the receivers. When did appellee's cause of action arise as to appellant? We think not until after the property had been turned back to appellant on its petition, accepting the property with all liabilities, as stated in the court's order. Appellee, prior to the return of the property, had no suit against the appellant for acts done by the receiver. Appellee sued the receivers. On the acceptance of the property on the conditions stated in the order and receiving the properties under said condition, appellant for the first time became liable. A receiver is the agent of the court appointing him, and not the agent of the owner of the property; and it is well settled, as a general rule, that the owner is in no manner responsible for the receiver's acts. The court may make the liabilities of the receiver a charge upon the corpus of the property, and, upon sale, direct their payment from the proceeds. Where a sale is not made, and the owner receives the property charged with the receiver's liabilities, the owner then becomes liable, and not before. The suit was not barred. Missouri, K. & T. Ry. Co. v. McFadden, 89 Tex. 138, 33 S. W. 853; T. & P. v. Huffman, 83 Tex. 286, 18 S. W. 741.

[8] The tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth charge error in refusing to sustain challenges to jurors. The trial court qualified the several bills of exception to its action in overruling the challenges for cause by stating that the challenged jurors did not sit in the case, and that appellant did not object to any other jurors nor ask any further challenge. We fail to see how the error complained of, if it was error, could have been reasonably calculated to cause the rendition of an improper verdict or judgment in the case.

There was no error in withdrawing from the jury the testimony of the county judge, A. M. Turney, as complained of in the sixteenth assignment.

The nineteenth is that the verdict and judgment are excessive. Since the case is reversed for new trial, we express no opinion upon the question.

Because the pleading is insufficient to charge the properties of the railroad company with the acts of the receivers in excavating the street, the cause is reversed and remanded for a new trial.