**KANSAS CITY, M. & O. RY. CO. OF TEXAS v. WEAVER. (No. 1028.)**

(Court of Civil Appeals of Texas. El Paso. Nov. 20, 1919. Additional Findings of Fact, Jan. 8, 1920.)

1. RAILROADS ⬤⇒212—ACTION AGAINST RAILROAD FOR DAMAGE DONE BY RECEIVERS CAN BE MAINTAINED, THOUGH NOT AUTHORIZED BY ORDER DISCHARGING RECEIVERS.

An action could be maintained against a railroad to recover damages caused by acts of the receivers' pursuant to their authority, though the order discharging such receivers does not authorize or require the railroad to pay the damage sued for.

2. RAILROADS ⬤⇒210—RECEIVERS HAVING AUTHORITY TO CONSTRUCT ROAD MAY EXCAVATE IN STREET WHERE NECESSARY.

Receivers of railroad, who had authority to construct road, and who in so doing were required to build an embankment, had implied authority to excavate in street, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 6485, 6494, beyond the length of the right of way, where the engineers for the receiver testified that such excavation was necessary to get the proper drainage, to secure an underground crossing, and to place road in reasonable state of usefulness.

3. TRIAL ⬤⇒194(20) — INSTRUCTION AS TO RAILROAD'S DUTY TO RESTORE STREET TO ORIGINAL CONDITION NOT COMMENT ON EVIDENCE.

In action against railroad for depreciation of property resulting from excavation made in street in front of plaintiff's property by railroad receivers in constructing road, instruction as to duty of receivers to restore street to its original condition held not erroneous, as against objection that it was a comment on the evidence as to damage resulting from excavation.

4. RAILROADS ⬤⇒114(4)—QUESTION SUBMITTING ISSUE OF DEPRECIATION OF PROPERTY FROM EXCAVATION IN STREET SUFFICIENT.

In property owner's action against railroad for depreciation of property from excavation in street in front of property, made by railroad in construction of road, question, "Was plaintiff's property * * * damaged by reason of the excavation under the track along Avenue D?" held sufficient to submit issue as to whether plaintiff's property was depreciated by the excavation in front of the property.

5. TRIAL ⬤⇒191(11)—QUESTION SUBMITTED IN ACTION FOR DEPRECIATION OF PROPERTY FROM EXCAVATION NOT OBJECTIONABLE AS ASSUMING DAMAGES.

In property owner's action against railroad for depreciation in value of property from excavation in street by railroad in construction of road, question submitted to jury held not subject to objection that it assumes that owner suffered the damages.

6. APPEAL AND ERROR ⬤⇒742(1)—PROPOSITION UNDER ASSIGNMENT NOT CONSIDERED WHERE NOT GERMANE TO ASSIGNMENT OR ASSIGNMENT WITHIN ITSELF.

A proposition under an assignment which is not germane to the assignment, and is not an assignment within itself, cannot be considered.

7. TRIAL ⬤⇒256(2)—PARTY DISSATISFIED WITH WORDING OF INSTRUCTION REQUIRED TO SUBMIT OTHER INSTRUCTION.

Where instruction embraces substantially the proper rule, but is not verbally correct, the adverse party is required to submit a correct instruction.

8. APPEAL AND ERROR ⬤⇒1004(1)—AMOUNT OF VERDICT SUSTAINED BY ABUNDANT EVIDENCE WILL NOT BE DISTURBED.

Where there is abundant evidence to sustain the verdict, the court on appeal will not pass on question of whether it is excessive, even though the opinion of the appellate court is contrary to the verdict.

Error from District Court, Presidio County; Jos. Jones, Judge.

Action by J. W. Weaver against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant brings error. Affirmed.

H. S. Garrett, of San Angelo, and W. Van Sickle, of Alpine, for plaintiff in error.

J. D. Martin, of San Antonio, and C. R. Sutton, of Marfa, for defendant in error.

HARPER, C. J. This is an appeal from a judgment for $4,000 in favor of J. W. Weaver against the Kansas City, Mexico & Orient Railway Company of Texas, damages for depreciation in value of certain property caused by cutting and grading down a street in front thereof in the town of Alpine, Tex. This is the third appeal. The first, in 1915, reversed because of insufficiency in the pleadings of plaintiff. Hovey v. Weaver, 175 S. W. 1089. Second, in 1917, for the same reason. 191 S. W. 591, to which we refer for a more detailed statement of the issues involved.

Taking up the assignments in the order which seems to be most logical: The thirteenth urges that the petition as amended, and upon which the case was last tried, is subject to general demurrer. There is no suggestion in any proposition that the petition now before this court is deficient for any reason other than those designated in the former opinions, and as to those they in no way apply. It is alleged therein:

(1) That, in a pending suit before the United ed States District Court, Hovey and Mertz were duly appointed receivers of the defendant railway company, duly qualified, and took over the assets.

(2) That under an order of said court the receivers constructed a portion of road from Girvin to Alpine, and over and across a public street, to wit, Avenue D of said town.

(3) That it was necessary, in order to cross said avenue, that the grade be raised by an embankment.

(4) That after said embankment was laid it became an obstruction to the use of the street by the public, and in order to restore

it to its former state as a highway, as required by statute, it was necessary and essential to excavate along said avenue for a distance of 300 or 400 feet, as well as to provide proper drainage for the proper protection of its track and roadbed.

(5) That it was made in the line of duty of the receivers, and that it extends along the full length of plaintiff's premises. Then follows a detailed statement of the facts upon which the charge is based that the property was caused to depreciate in value.

(6) That upon application of the railway company the receivers were discharged, and its property restored to it, including the railroad mileage referred to.

(7) That by order of the court the company took back the property, charged with all liabilities incurred by the receivers.

[1] Next it is urged that the court should have instructed a verdict for the defendant:

(a) "Because the order of the court discharging the receivers does not authorize nor require the defendant to pay the damages herein sued for."

The answer is that it was not necessary in order for plaintiff to maintain this suit. See subdivision 6 of the opinion last rendered by this court. 191 S. W. 593.

(b) "Because there is no evidence in this case to show that the receivers, Hovey and Mertz, were directed or authorized to build the railroad into the town of Alpine."

Mertz, one of the receivers, testified:

"The receivers, under the direction of the court, did construct and complete * * * that portion of the road from Girvin to Alpine, a distance of approximately 90 miles."

[2] (c) "Because there is no evidence that the court authorized the receivers to excavate Avenue D in front of plaintiff's property."

The power to do all things necessary to the proper construction of the road and its maintenance after construction are necessarily implied, where not specifically mentioned; so since we have the proof that the receivers were ordered to construct the road, the only question left is: Was the work of excavating the street in front of plaintiff's property a necessary part of the work to a proper construction of the road? The men who, as engineers, in the employ of the receivers, directed the work of construction of the road, and this excavation as well, testified that it was necessary in order to get the proper drainage, and necessary in order to place the road back in a reasonable state of usefulness after the road was built across it, and that it was the most practicable thing to do, in that by doing so the railroad had an underground crossing, instead of an overhead crossing, and there is no evidence to the contrary. Int. & G. N. Ry. Co. v. Herndon, 11 Tex. Civ. App. 465, 33 S. W. 377; Freeman v. Field, 135 S. W. 1073; Articles 6485 and 6494, Vernon's Sayles' Stat. of Texas. So, if this particular work was not specifically authorized, it was necessarily implied.

Appellant's counsel show by calculations that a proper road grade, 5 per cent. or less, could have been made by grading within the limits of the right of way owned by the railway company, and without touching the street in front of plaintiff's property, and reasons therefrom that it was wholly unnecessary to go outside of the right of way with the street grading, and that therefore the act complained of was not within the implied authority of the receivers, and that therefore the receivers were personally liable, etc. There might be some force in this mathematical demonstration, if the only reason for grading the street down in front of the plaintiff's property had been to restore the road or street to its former state of usefulness, in compliance with the statutes of Texas; but, as shown above, that was not the only reason.

The eleventh is that the court erred in giving special charge No. 1 of plaintiff, as shown by bill of exception No. 3. The propositions are that—

"The undisputed facts show as a matter of law that it was not proper or necessary for the receivers to excavate Avenue D in front of plaintiff's property as a part of the construction of the railroad; hence there was no question of fact to submit to the jury."

This is disposed of by the holdings above. Propositions (c) and (d) read:

"(c) Special charge No. 1, requested by plaintiff and given, is erroneous, in that it constituted a direct comment on the weight of the evidence, and permitted the jury to find against defendant, if they believed that the excavation on Avenue D immediately underneath the bridge was proper (a fact which was not disputed), irrespective of whether it was proper to excavate the street in front of plaintiff's property (and for which he sues), and regardless of whether the excavation in front of Weaver's property was made by the receivers or authorized by them in any way.

"(d) It is materially erroneous for that it assumes, or at least was calculated to induce the jury to believe, that in the opinion of the court any excavation which may have been made in Avenue D, whether by the receivers or not, impaired the usefulness of the street and damaged plaintiff, and the charge was therefore a direct comment on the weight of the evidence and prejudicial to defendant."

The charge reads as follows:

"In passing upon the question as to whether or not the excavation along Avenue D was made by the receivers, S. B. Hovey and M. L. Mertz, in the line of their duty as such receivers and in their official capacity as such, you are instructed that said receivers had a right to construct the line of railroad across Avenue D in the town of Alpine, but that it was the duty of said receivers to restore the said Avenue D thus crossed over to such state as not to unnecessarily impair its usefulness

as a street, and if you believe from the testimony that the method adopted by the receivers in making this excavation was necessary in order to restore said street to its original condition, then you are instructed that if any injury resulted to the plaintiff by reason of the construction of said excavation that·the Kansas City, Mexico & Orient Railway Company of Texas are liable for the injury sustained."

[3] That the charge is not subject to the criticisms urged seems clear.

The twelfth is:

"The court erred in refusing to correct its main charge on special issues as shown by bill of exceptions Nos. 1, 2, 3, and 4."

The first proposition is:

"Since it conclusively appears that the excavation complained of by plaintiff was not made by receivers or under their direction or authority, it was error to submit such issue to the jury."

The answer is that there is evidence that the excavation was made pursuant to the orders of the receivers, and the jury have so found.

The second in substance:

"Question No. 2, submitted to the jury, is wrong, because plaintiff does not seek to recover damages by reason of the excavation underneath the track, but for damages by reason of the excavation in front of his property, and it further comments on the weight of the testimony, and assumes that plaintiff did suffer damages by reason of the excavation underneath the track, when there is no proof to this effect; hence the question both submits an issue not in the case and invades the province of the jury."

Question No. 2 reads:

"Was plaintiff's property, described in his petition, damaged by reason of the excavation underneath·the track along Avenue D in the city of Alpine?"

[4] It will be noted that the question does not stop with "underneath the track," as asserted in the proposition, but continues, "underneath the track *along* Avenue D." It does not seem possible that the jury could have understood that any other issue than the one pleaded was being submitted to them by this question, to wit, damages arising because of the excavation in front of plaintiff's property.

[5] The other charge, that it assumes that plaintiff did suffer damages, is untenable, because it clearly propounds the question which called for their answer after determining whether or not the property was damaged, and in no way indicates what such finding should be. Railway v. Casseday, 92 Tex. 525, 50 S. W. 125.

[6] By the third proposition under the above (twelfth) assignment, it is suggested that the court's charge upon the measure of damages is wrong, in that it does not confine the jury to the difference between the value of the property immediately before and immediately after the excavation.

This is not germane to the assignment, and is not an assignment within itself, so it cannot be considered.

[7] But appellant urges that the charge constitutes fundamental error, and cites the cases of Railway Co. v. Buchanan, 38 Tex. Civ. App. 165, 84 S. W. 1073, and K., M. & O. Ry. v. Worsham, 149 S. W. 755. These cases hold it fundamental error to fail to charge at all upon the measure of damages in a case, but in this case the court gave a charge, not verbally correct, embracing substantially the rule as adopted by the courts on the measure of damages (Railway Co. v. Schofield, 72 Tex. 498, 10 S. W. 575), and not, we think, affirmatively wrong. In such cases the appellant is required to submit a correct charge, and this he did·not do. McKee v. Garner, 168 S. W. 1031.

The sixth, seventh, eighth, and ninth assignments, urging that the judgment deprives defendant of its property without due process of law, are without merit.

[8] Is the judgment excessive? Tenth assignment. There is abundant evidence to sustain the verdict of the jury; so we are not authorized to decide the question upon our personal opinions, even though they should be contrary to the verdict of the jury.

Affirmed.

### Additional Findings of Fact.

The jury found:

"That the excavation set out and described in plaintiff's petition was made by the receivers, or under their direction and authority, in the line of their duty as receivers and in their official capacity as such receivers."

That the property was damaged by the excavation in the sum of $4,000.

And the defendant did not ask for any other findings of fact, but now requests a finding by this court on 20 specific questions. As to such as seem to be ultimate or controlling facts we find:

(1) That on March 9, 1912, Hovey and Mertz were appointed receivers of the Kansas City, Mexico & Orient Railway Company of Texas, appellant in this case.

(2) The said receivers were by order of court authorized to construct or extend the road from Girvin to Alpine.

(3) Pursuant to said order the road was so constructed.

(4) The excavation along Avenue D under the road crossing was constructed under their direction, and under the supervision of their engineers.

(5) The length and depth of the excavation was essential to properly restore the street to its former state of usefulness, as well as to properly dispose of the water that would collect and run through it from rainfalls.

(6) The properties, including this additional mileage of road, were delivered over to defendant company, upon its application, by and under the orders of the court, as shown by the record herein, which 'we need not copy, and the receivers discharged.