## ARLITT v. SEABOARD BANK & TRUST CO. et al.

### No. 2006.

Court of Civil Appeals of Texas. Beaumont.

Sept. 19, 1930.

B. C. Johnson and A. W. Dycus, both of Port Arthur, for appellant.

V. J. Wistner, of Port Arthur, for appellees.

O'QUINN, J.

Appellant sued the Seaboard Bank & Trust Company, of which H. E. Brinkman was president, and H. E. Brinkman individually, to

recover the sum of $400, which he alleged he had been caused to expend in the premises, and the further sum of $3,090, which he alleged he lost by reason of the breach of certain contracts by appellees.

For cause of action appellant, in brief, alleged that prior to August 15, 1928, the city of Port Arthur had issued certain warrants in the sum of $103,000 bearing interest at the rate of 5 per cent. per annum, which warrants were a financial obligation of said city; that the Seaboard Bank & Trust Company, a banking corporation located at Port Arthur, Tex., was the legal owner and holder of said warrants, and that H. E. Brinkman was the acting president of said bank and owned a majority of its stock; that on August 15, 1928, the said H. E. Brinkman represented to appellant's agent and attorney that said bank, which was then in the hands of the state commissioner of insurance and banking because of the impairment of its capital stock, would soon be relieved of its difficulties by assessment against its stockholders, and would reopen and resume business, and that said bank was desirous of converting said $103,000 in warrants into cash, and acting for said bank offered to sell said warrants, or notes, to be executed by said city of Port Arthur in lieu of said warrants, to appellant at a 2½ per cent. discount from the face thereof; that appellant accepted said offer and duly communicated such acceptance to said H. E. Brinkman; that on said August 15, 1928, the said Seaboard Bank & Trust Company, acting by and through its attorneys and agents, V. J. Wistner and E. B. Lamson, agreed and bound itself, upon resuming business, to sell to him the said warrants or the notes to be executed in lieu thereof, at a 3 per cent. discount, said offer and acceptance being made over long distance telephone and confirmed by wire; that within a short time thereof, said city of Port Arthur did execute notes in the sum of $103,000 in lieu of and as a substitute for said warrants, which said notes were held by said city for delivery upon the surrender of said warrants, when said bank had resumed business; that appellants, relying upon the contracts of sale and purchase so submitted and made, employed attorneys to prepare resolutions, city ordinances, form of notes, transcript of proceedings, printed the notes and procured legal opinion approving the validity of said security at an expense of $400, and in due time, after the resumption of business by said Seaboard Bank & Trust Company, on or about September 8, 1928, tendered to appellee bank the agreed amount of purchase money and demanded the delivery to him of the warrants or notes, which was refused; that appellant had contracted with customers of his for the sale of said warrants and notes at a net profit to him of $3,090. Appellant pleaded in the alternative that if he be mistaken in his right

to recover against the bank by reason of his contract entered into with H. E. Brinkman, its president, that said Brinkman represented to appellant that he (Brinkman) was duly authorized to make and enter a contract for the sale of said warrants and notes, and that in reliance thereupon and believing said representations, he acted upon same, and prayed for a recovery against Brinkman.

Appellee bank answered by general demurrer, general denial, and specially that it was a banking corporation incorporated and doing business under and by virtue of the laws of the state of Texas, and that on July 21, 1928, by reason of its insolvency it was taken over and placed in the possession and management of the banking commissioner of the state, James Shaw, who retained possession of said bank and its assets and affairs until September 8, 1928; that during said time it was neither authorized nor permitted to employ or delegate to any person any right, power, or authority to enter into or make any contract or agreement whatever for the sale or disposition of any of its assets; that said banking commissioner had possession of said bank and its said properties, and that under the law the district court of Jefferson county alone had the authority and could sell or offer for sale, or enter into any contract for the sale of said bank property, without negotiating a sale with the said banking commissioner, and the confirmation of said district court. It further answered that it had not employed or authorized any person to sell or offer for sale any of its assets during the time said banking commissioner was in charge of the bank, and denied that it had ever employed or authorized H. E. Brinkman, or any other person, to sell or offer for sale said warrants in the event said bank should be reopened for business; that any agreement made by appellant with Brinkman or any other person holding himself out as the agent of said bank was without authority of said bank; and that it had not ratified any act of any person so undertaking to contract a sale of said warrants or notes for it or on its behalf, nor had it done any act that would lead appellant to believe that it would sell said warrants or any of its assets during the time it was in the hands of the banking commissioner and closed, or to sell said warrants or any of its assets in the event said bank was reopened.

Appellee Brinkman answered by general demurrer, general denial, and specially that at the time appellant alleged that he was negotiating for the purchase of the city warrants held by the Seaboard Bank & Trust Company, appellant knew that said bank was insolvent and had been closed and was in the possession of the state banking commissioner, James Shaw, and that by reason thereof that said Brinkman, nor any other person, could or would be permitted to enter into any con-

tract for the sale and purchase of said city warrants; denied that he had made any false statements pertaining to the condition of said bank; that appellant was fully informed and was in the possession of all the facts and circumstances relating to the condition of said bank, as well as the power and authority of him (Brinkman) to sell or dispose of any of said bank's assets. He further answered that said ·bank was a banking corporation organized and doing business under and by virtue of the laws of the state of Texas and that he (Brinkman) was not, by reason of his being president of said bank, authorized to enter into any agreement with appellant or any other person for the sale of its assets, either during the period of time said bank was closed or after it was reopened, until and unless such power and authority had first been given him by the board of directors of said bank at a regular meeting of said board and the record thereof in the minutes of its proceedings; that he had never represented to appellant that he (Brinkman) had been given such authority, and alleged that appellant knew that the board of directors of said bank had not authorized him to make sale of said warrants or notes, and that appellant knew that during the time said bank was closed and in the hands of the banking commissioner the board of directors of said bank was without authority to authorize any person to sell or dispose of any of the assets of said bank; that appellant, in his petition, admitted that at the time he was negotiating for the purchase of said warrants, said bank was insolvent and in the hands of the banking commissioner, and so well knew that a binding contract for the sale of said warrants, as alleged, could not be made, and thereby admitted that at said time there was no principal existing capable of being bound, and therefore that appellant was estopped from asserting any claim against him (Brinkman) because of any attempt he may have made to bind said bank in the sale of said warrants, for in that appellant well knew that· he (Brinkman) could not enter into any valid contract binding said bank. He further answered under oath denying that he entered into any agreement with appellant, as the agent of said bank for the sale of the warrants, and denying that he ever authorized any other person to do so.

By supplemental petition, appellant replied to the answers of appellees, and specially excepted to that portion of said answers pleading the insolvency of the bank and its being in the hands of the state banking commissioner at the time the agreement was alleged to have been made with appellant to sell him the warrants "because such allegations constitute no defense in law to the action alleged by plaintiff"; denied all matters of fact contained in said answers, and alleged that during all the time said bank was in the hands of the banking commissioner Brinkman was president of said bank, and owned a majority of its stock; that during said time, with the knowledge, acquiescence, and consent of the board of directors and of the stockholders of said bank, Brinkman openly assumed to represent the bank and engaged in soliciting, making, and entering into contracts and agreements with reference to its affairs and assets to be performed and carried out when the banking commissioner should release said bank from his control; that the board of directors of the bank were cognizant of said acts and conduct of Brinkman and by their silence and acquiescence had permitted appellant and others to believe he was clothed with full authority to so act; and pleaded estoppel of the said bank and said Brinkman to deny said Brinkman's acts as authorized and binding upon said bank.

The court sustained the general demurrers of the bank and Brinkman, to which action of the court appellant excepted, gave notice of appeal, and the case is before us for review.

The judgment must be affirmed for the following reasons:

▮▮ (a) When a bank becomes insolvent and is taken in charge by the banking commissioner, it ceases to function as under its charter and corporate officials and agents. It is then completely under the control and management of the banking commissioner and his agents. The stockholders, board of directors, nor officers of the bank have any authority whatever to control or dispose of its assets, or to make any contract looking to the sale of same at any time in the future. The banking commissioner in charge has the status of a court receiver of the bank and its property, and said property is in custodia legis. The banking commissioner's possession and control of the bank and its assets is complete and exclusive of any such right or authority of the stockholders and officers.

▮▮ (b) A corporation can act only by and through its officers. The board of directors is the body usually intrusted with the authority to conduct the business of the corporation —they represent the corporate body. Especially is this true of banks incorporated under the laws of this state. Article 388, R. S. 1925. The president of a corporation has no power, by virtue of his office, to sell or otherwise dispose of the corporation's property. For him to do so, or to contract to do so, he must have been authorized so to do by the board of directors. So, for Brinkman, as president of the bank, to sell or to contract to sell the warrants in question, he must have been authorized to do so by the board of directors of the bank. That he was thus authorized is not alleged by appellant, and so the petition was subject to demurrer.

(c) If Brinkman made, or attempted to make, the agreement with appellant as alleged, it is without dispute that he disclosed his principal, that he was attempting to act for the bank, and as appellant was acquainted with all the facts surrounding the proposed transaction, knew that the bank was at the time insolvent and in the hands of the banking commissioner, and that the stockholders, directors, and officers of the bank had no authority to manage or dispose of the property of the bank, then it must be held as a matter of law that appellant knew that Brinkman was without power to bind the bank, and he could not complain or assert a cause of action against the bank or Brinkman as agent or purported agent of the bank.

As appellant's petition failed to state a cause of action but on its face disclosed that appellant was not entitled to recover, the judgment should be affirmed, and it is so ordered.

Affirmed.