### FEDERAL TRUST CO. v. BRAND et al.
### No. 4281.

Court of Civil Appeals of Texas. Amarillo.
Oct. 29, 1934.

Rehearing Denied Nov. 19, 1934.

H. H. Cooper and A. A. Lumpkin, both of Amarillo, for appellant.

R. A. Stone, W. T. Brothers, and Stone & Guleke, all of Amarillo, and Ocie Speer, of Austin, for appellees.

HALL, Chief Justice.

The appellant company, as the executor of the estate of R. E. Brooks, deceased, brought this suit September 7, 1933, against Amarillo Bank & Trust Company, E. C. Brand, banking commissioner, and certain shareholders and depositors of the First State Bank of Amarillo, alleged to be a defunct banking corporation organized under the laws of Texas with a capital stock of $50,000 divided into 500 shares of $100 each. It is further alleged that R. E. Brooks in his lifetime was the owner of 140 shares of said stock; that certain other named defendants were the owners of shares, constituting all of the shareholders thereof; that said bank was declared insolvent on or about the ——— day of May, 1914, and possession thereof was taken by the banking commissioner of the state and an assessment levied against all of the shareholders to the extent of 100 per cent. for the purpose of paying the debts and obligations of said defunct First State Bank; that the said Brooks, before his death, and certain other shareholders, paid such assessment; that, after all the just debts and obligations of the bank had been fully paid and after a liquidating agent had been appointed and the funds belonging to said defunct corporation had been distributed, there still remained on hand approximately $1,500 deposited in the Amarillo Bank & Trust Company by the banking commissioner for the payment of unclaimed deposits which had not been distributed and which remained the property of the First State Bank and its shareholders; that certain other sums remained on hand that had not been distributed and which belonged to said shareholders, and that R. E. Brooks and those who paid the assessment of 100 per cent. were entitled to said fund to the exclusion of all other shareholders; that the amount deposited for the payment of said unclaimed deposits was so deposited for the purpose of paying certain persons named, all of whom were made parties defendant and due service of process had thereon. Plaintiff prayed that all of said funds belonging to said defunct bank, including said unclaimed deposits, be adjudged to be the property of the shareholders of said bank who had paid such 100 per cent. assessment, and that the said sums be apportioned to them.

The Amarillo Bank & Trust Company answered, alleging that there had been deposited in said bank in the name of Jon G. Wayland, liquidating agent of the defunct bank, the sum of $638.36.

Sam B. Motlow, liquidating agent, answered, alleging that he had in his hands as such agent the sum of $850.20 of the funds of said defunct bank; that there was also on deposit in the Amarillo Bank & Trust Company in the name of Jon G. Wayland, liquidating agent, the sum of $638.36.

The appellee Brand, banking commissioner, answered by general denial and specially that the statute of limitation had run against the defendants named in plaintiff's original petition who have unclaimed deposits in the First State Bank of Amarillo, because (1) no demand had ever been made for the recovery of their money by the depositors in the bank aforesaid; and (2) that he was by virtue of the statute a trustee for the depositors who have accounts unclaimed in said bank; that as said trustee he had never repudiated the trust in whole or in part; that he was the statutory receiver of the defunct bank, charged with the duty of defending suits, such as this action, for the use and benefit of those creditors whose deposits in the defunct bank were unclaimed; that he was entitled to reasonable attorneys' fees and costs for such charge.

The case was tried to the court without a jury. The court's findings of fact, as incorporated in the judgment, we summarize as follows: That the First State Bank of Amarillo was incorporated under the laws of Texas with a capital stock of $50,000, divided into 500 shares of the par value of $100 each. That it became insolvent, the banking commissioner took charge of it, and assessed the stockholders to the extent of 100 per cent. of their stock. That the appellant, plaintiff below, Federal Trust Company, is the duly qualified and acting executor of the estate of R. E. Brooks, deceased. That at the time of his death Brooks owned 140 shares of the capital stock, was assessed $14,000, and paid the assessment. That the affairs of the bank have been duly administered, and Sam B. Motlow is now liquidating agent. That he has in his possession the sum of $850.20. That the Amarillo Bank & Trust Company has on deposit to the credit of Jon G. Wayland, former liquidating agent, the sum of $638.36, and that there is on deposit in said bank to the credit of the banking commissioner $46.87, making a total of $1,535.43 subject to distribution. That the

Amarillo Bank & Trust Company has unclaimed deposits remaining in the hands of the commissioner for the period of six months after the order for final distribution of all funds to depositors, the sum of $1,531.33. The court then sets out the names of eighteen stockholders with the number of shares owned by each and the amount assessed and paid by each, the first of which is R. E. Brooks, 140 shares, paid $14,000. That shareholders who paid their assessments held a total of 302 shares. That all other shareholders failed to pay their assessments. That no sum has been refunded to the shareholders who paid the assessments sufficient to reimburse them in the amounts so paid, and that the assets of the defunct bank are wholly insufficient for that purpose. That this suit was instituted by the appellant for itself and for the benefit of all shareholders similarly situated with the said R. E. Brooks, and is entitled to the sum of $150 as attorneys' fees. The court further finds that the statutes of limitation of two and four years (Rev. St. 1925, arts. 5526, 5527) do not apply in favor of plaintiff and the shareholders of said defunct bank as against the funds deposited by the banking commissioner to cover unclaimed deposits.

The court allows Sam B. Motlow for services as liquidating agent the sum of $150 and the further sum of $43.68 necessary expenses incurred by him; $50 is allowed R. A. Stone as attorney for Motlow; and $25 is allowed W. T. Brothers as attorney for nonresident defendants. The court decrees that Motlow as liquidating agent recover from the Amarillo Bank & Trust Company the $638.36 deposited with the bank in the name of Wayland, and also the sum of $46.87 deposited in the name of the banking commissioner; that said Bank & Trust Company be required to deposit same to the credit of Motlow as liquidating agent. The court orders the several sums set out above allowed to attorneys to be paid by the liquidating agent, and then apportions the remainder amongst the several shareholders, ordering Motlow to pay them the amounts specified. It is further decreed that, as to the $1,482.66, plaintiff be denied any recovery, and said amount is decreed to be a trust fund subject to the control of E. C. Brand, banking commissioner of the state of Texas, and his successor in office. The court concludes as a matter of law that the statutes of limitation of two and four years pleaded by appellant as against the right of depositors have no application, and plaintiff is denied a recovery.

The plaintiff in the court below prosecutes this appeal alone.

The first assignment of error is that the court erred in not rendering judgment in favor of the plaintiff and other stockholders of the defunct bank for the recovery of $1,482.66 deposited in the Amarillo Bank & Trust Company, in the name of Brand, commissioner of banking, for the benefit of depositors of the First State Bank who had not claimed the same, and in holding that R. S. art. 465, created a trust fund in favor of said depositors and divested title out of the First State Bank and its stockholders thereto.

In the case of Kidder v. Hall, 113 Tex. 49, 251 S. W. 497, Judge Cureton said that the effect of the provisions of the Banking Act in case of insolvency of the institution was to place the funds and assets of the bank in custodia legis. See, also, Arlitt v. Seaboard Bank & Trust Co. (Tex. Civ. App.) 31 S.W.(2d) 488. It is settled law in Texas and elsewhere, so far as we have been able to ascertain, that limitation does not run while property is in the custody of the law. Kansas City, etc., Ry. v. Weaver (Tex. Civ. App.) 191 S. W. 591; 37 C. J. 1047, § 460. As said in the Arlitt Case, the act of the commissioner in taking charge of the bank and its assets placed it completely under the commissioner's control, and the bank from that time ceases to function under its charter, and neither stockholders, directors, or officers had authority to dispose of its assets. It follows that the depositors' rights are in no way affected by the statute of limitation.

Article 465, supra, provides: "Dividends and unclaimed deposits remaining in the hands of the Commissioner for six months after the order for final distribution shall be by him deposited in some State bank to be designated by the Banking Board, to the credit of the Commissioner in his official name, in trust for the bona fide depositors and creditors of the liquidated bank."

No plainer language could have been used by the Legislature in creating a trust. It is held that the state, acting through its Legislature, has the power to create a trust and appoint trustees. 65 C. J. 233; 1 Perry on Trusts (7th Ed.) § 30; Commissioners, etc., v. Walker, 6 How. (Miss.) 143, 38 Am. Dec. 433.

It follows that the court did not err in holding that the fund in the hands of the banking commissioner was held in trust as provided by the statute.

It clearly appears from the record that the appellant is not entitled to recover in any event. The fact that the subject-matter of the litigation consists of a trust fund in the custody of the law for more than fifteen years is no grounds for invoking the jurisdiction of this court. If the Banking Act (Vernon's Ann. Civ. St. art. 342 et seq.) is defective in not making provision for the distribution of the fund under the circumstances reflected by this record, it is a matter for the consideration of the Legislature.

Appellees move to dismiss the appeal because the appellant had filed no appeal bond. This contention is without merit.

Since the only judgment has been rendered which the court could have properly rendered under the pleadings and evidence, it is affirmed.